Michael R. HOGAN, Appellant,

v.

STATE of Iowa, Appellee.

No. 89–1157.

Supreme Court of Iowa.

April 18, 1990.

Paul T. Shinkle, Cedar Falls, for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., James Metcalf, County Atty., and Thomas Bower, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO and NEUMAN, JJ.

NEUMAN, Justice.

This is an appeal from the district court's summary dismissal of Michael Hogan's petition for postconviction relief. The district court determined that the action was filed beyond the three-year limitation period of Iowa Code section 663A.3 (1989) and that no circumstances existed to waive the time bar. We affirm.

On January 25, 1971, Michael Hogan entered a plea of guilty to the charge of manslaughter. Following sentencing, Hogan served time in the Iowa Men's Reformatory and was discharged from parole in 1974.

In July 1984, the Iowa Legislature amended the postconviction relief statute to require that applicants file their petitions within three years from the date of conviction or issuance of procedendo following appeal, whichever is later. *See* Iowa Code § 663A.3. To protect the due process rights of potential postconviction applicants who had no notice of the amendment, we subsequently held that persons whose convictions became final prior to July 1, 1984, would have until June 30, 1987, to file their applications. *Brewer v. Iowa District Court*, 395 N.W.2d 841, 844 (Iowa 1986). Failure to file within this extended time period would bar further relief. *Id.*

Hogan, whose conviction for manslaughter was fully discharged in 1974, made no attempt to vacate the judgment until he commenced the present action on March 1, 1989. His action is motivated solely by his 1985 conviction for murder in Nevada. The Nevada Supreme Court, upholding Hogan's conviction and the imposition of the death penalty, recognized the 1971 Iowa manslaughter conviction as a factor mitigating against leniency. *Hogan v. State*, 103 Nev. 21, 732 P.2d 422, 423–24 (1987). In the court's words, "[t]his is the second time

Hogan has killed a woman with whom he was involved." *Id.* 732 P.2d at 425.

 Hogan now seeks to challenge his Iowa conviction on the ground that his plea proceedings did not comport with the requirements of *State v. Sisco,* 169 N.W.2d 542 (Iowa 1969), and *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). To avoid the time bar of section 663A.3, Hogan relies on the statute's exception for "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 663A.3; *see Brewer,* 395 N.W.2d at 844 n. 1. His alleged "ground of fact or law" is that he was unaware, until his Nevada conviction for murder, that his 1971 Iowa conviction for manslaughter would serve to severely enhance the penalty for a subsequent crime.

Like the district court, we find Hogan's argument to be entirely without merit. Simply put, it is an "obvious fact of life that most criminal convictions do in fact entail adverse collateral consequences." *Sibron v. New York,* 392 U.S. 40, 55, 88 S.Ct. 1889, 1899, 20 L.Ed.2d 917, 930 (1968). Hogan's inability to accurately predict future events, and adjust his behavior accordingly, is not the sort of factual circumstance reasonably triggering the ground of fact exception of section 663A.3. The reason is that no nexus exists between the ground of fact Hogan asserts and the conviction he seeks to set aside. We are persuaded that a reasonable interpretation of the statute compels the conclusion that the exonerating ground of fact must, like newly discovered evidence, be "relevant and ... likely [to] change the result of the case." *State v. Edman,* 444 N.W.2d 103, 106 (Iowa App.1989). Hogan's newfound insight clearly falls outside this category.

 In the alternative, Hogan contends that he failed to promptly challenge his 1971 guilty plea because his attorneys kept him in the dark regarding the procedural insufficiency of the plea proceedings. Assuming, without deciding, that Hogan's plea did not meet the strict test of *Sisco,* any claim of ineffective assistance of counsel premised on that ground is similarly time barred. The record reveals that Hogan was alerted to this potential ground for relief in May 1985 when the matter was raised and resolved against him in the Nevada trial court. He has offered no reason why, under these circumstances, he failed to meet the extended *Brewer* deadline of June 30, 1987. Nor does Hogan urge any other "ground of law" that could not have been raised within the applicable time limits. *See* Iowa Code § 663A.3.

The judgment of the district court must be affirmed.

AFFIRMED.