**William S. DIBLE, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 95–539.**

Supreme Court of Iowa.

Dec. 18, 1996.

William S. Dible, Anamosa, pro se.

Thomas J. Miller, Attorney General, Robert P. Ewald and Charles N. Thoman, Assistant Attorneys General, Thomas S. Mullin, County Attorney, and Mark Campbell, Assistant County Attorney, for appellee.

TERNUS, Justice.

Appellant, William S. Dible, filed a postconviction relief action that was dismissed for failure to prosecute. He then brought this second postconviction relief action which was filed more than three years from the date his underlying criminal convictions became final. To avoid the three-year statute of limitations of Iowa Code section 822.3, he alleged the ineffectiveness of his first postconviction relief counsel was a "ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3 (1995). The district court rejected this argument and dismissed Dible's second application for postconviction relief. Dible appealed and the court of appeals reversed. On further review to this court, we vacate the decision of the court of appeals and affirm the judgment of the district court.

## I. *Background Facts and Proceedings.*

In March 1989, Dible pleaded guilty to suborning perjury and third-degree criminal mischief. He was given a suspended five-year sentence. On July 5, 1990, Dible's probation was revoked and he began to serve his sentence.

On December 5, 1990, Dible filed his first application for postconviction relief. He alleged ineffective assistance of trial counsel and newly-discovered evidence as grounds for relief. Three attorneys were appointed at different times to represent him, but they withdrew or were dismissed. As of May 20, 1991, Dible was representing himself.

On July 30, 1992, twenty months after his first postconviction relief action had been filed, the clerk of court sent a notice to Dible advising him that his pending application for postconviction relief would be dismissed under Iowa Rule of Civil Procedure 215.1 if not tried prior to January 1, 1993.[1] Dible continued to represent himself and even filed several motions. In September 1992, however, attorney Robert L. Sikma was appointed to represent Dible.

Dible's action was not tried before January 1, 1993, and the case was automatically dismissed on that date. Dible tried to contact Sikma to determine the status of his case but was unsuccessful in talking to him. Finally,

---

1. Rule 215.1 provides that any case filed prior to July 15 and not tried prior to January 1 of the next succeeding year is subject to dismissal "un-less satisfactory reasons for want of prosecution or grounds for continuance" are shown by application.

almost two years after receiving the rule 215.1 notice, Dible contacted the clerk of court in May 1994, and learned for the first time his postconviction action had been dismissed seventeen months earlier. Dible then filed a pro se motion to reinstate which was denied because it was filed more than six months after the dismissal. *See* Iowa R. Civ. P. 215.1 (requiring application to reinstate be filed within six months from the date of dismissal).

On ·November 18, 1994, Dible filed this second action for postconviction relief. He repeated his allegations of ineffective assistance of trial counsel and newly-discovered evidence. In addition, he alleged Sikma, his first postconviction relief counsel, was ineffective in allowing the first postconviction action to be dismissed. The State filed a motion to dismiss claiming Dible's action was barred by the three-year statute of limitations set forth in section 822.3. *See* Iowa Code § 822.3 (an application for postconviction relief must be filed within three years of the date the challenged conviction became final). Dible argued the ineffectiveness of his first postconviction counsel excused the untimeliness of his second postconviction action.

The district court granted the State's motion to dismiss. Relying on our decision in *Wilkins v. State*, 522 N.W.2d 822 (Iowa 1994), the court ruled ineffective assistance of postconviction counsel will not toll the three-year statute of limitations contained in section 822.3. Dible appealed and the case was transferred to the court of appeals. The court of appeals reversed. It concluded Dible was aware of his postconviction claims within the three-year period, but the ineffective assistance of his first postconviction counsel deprived him of the opportunity to timely raise these claims. We granted the State's application for further review.

## II. *Scope of Review.*

■ We review to correct errors of law. *McLaughlin v. State*, 533 N.W.2d 546, 547 (Iowa 1995); *Clark v. Miller*, 503 N.W.2d 422, 424 (Iowa 1993). Because the dismissal was based on the State's motion to dismiss, we take as true all well-pleaded facts. *Har-*

*ryman v. Hayles*, 257 N.W.2d 631, 633 (Iowa 1977). Therefore, we accept for purposes of our decision that attorney Sikma provided ineffective assistance in Dible's first postconviction relief action.

## III. *Is the Ineffective Assistance of Post-conviction Counsel an Exception to Section 822.3's Statute of Limitations?*

■ Iowa Code section 822.3 provides in relevant part:

All [postconviction relief] applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

The issue before us in this case is whether the ineffective assistance of postconviction counsel can constitute a "ground of fact" within the meaning of the exception to the three-year statute of limitations. We hold it cannot based on the clear language of the statute and our prior case law interpreting it.

A. *Prior case law.* We considered the nature of a "ground of fact" in *Hogan v. State*, 454 N.W.2d 360 (Iowa 1990). In *Hogan*, the petitioner sought postconviction relief from a 1971 manslaughter conviction. *Hogan*, 454 N.W.2d at 360. His postconviction action, however, was filed beyond the statutory deadline for such actions. *See id.* The "ground of fact" upon which he relied to avoid the limitations bar was his ignorance of the fact that his manslaughter conviction would enhance the penalty for any subsequent crime of which he was convicted. *Id.* at 361. (Hogan was convicted of the murder of another person in Nevada in 1985, and his prior manslaughter conviction was considered as a factor mitigating against leniency. *Id.* at 360.) We held his lack of knowledge is not the sort of factual circumstance reasonably triggering the ground of fact exception of section [822.3]. The reason is that no *nexus* exists between *the ground of fact* Hogan asserts and *the conviction* he seeks to set aside. We are persuaded that a reasonable interpretation of the statute

compels the conclusion that *the exonerating ground of fact must,* like newly discovered evidence, be "relevant and *likely [to] change the result of the case."* *Id.* at 361 (quoting *State v. Edman,* 444 N.W.2d 103, 106 (Iowa App.1989)) (emphasis added). The essence of our holding in *Hogan* is that a "ground of fact" within the meaning of the section 822.3 exception must have a nexus with the challenged conviction; a satisfactory nexus exists when the exonerating ground would likely have changed the result of the original criminal case.

We echoed this nexus requirement in *Wilkins,* a case factually similar to the one before us. In *Wilkins,* the defendant brought a second application for postconviction relief, claiming he was denied the effective assistance of first postconviction counsel. *Wilkins,* 522 N.W.2d at 823. His second postconviction action was filed beyond the three-year limitations period. *Id.* Wilkins argued the exception to the limitations period applied because his claim of ineffectiveness of first postconviction relief counsel could not have been raised within the three-year time limit of section 822.3. *Id.* We held "the exception applies to situations in which there 'would be no opportunity to test *the validity of the conviction in relation to [the ground of fact* or law that allegedly could not have been raised within the time period].'" *Id.* at 824 (quoting *Edman,* 444 N.W.2d at 106) (emphasis added; brackets in original). In accordance with *Hogan,* we focused on Wilkins' underlying claim challenging the validity of his conviction—trial counsel's failure to have the victim's shirt tested for powder burns. *See id.* We concluded Wilkins was aware of this shortcoming of his trial counsel within the three-year period and "had three opportunities to claim ineffective assistance of *trial counsel* before the time bar became enforceable against him." *Id.*(emphasis added). The ineffective assistance of Wilkins' first postconviction counsel did not alter these conclusions. Consequently, we reversed the district court's denial of the State's motion for summary dismissal of Wilkins' second postconviction action. *Id.*

It is important not to confuse the effect of ineffective assistance of *trial* counsel with the ineffective assistance of *appellate or postconviction* counsel. The errors of trial counsel have a *direct* impact on the validity of a criminal conviction. In contrast, the incompetency of appellate counsel or postconviction counsel cannot have this type of impact because their involvement postdates the defendant's conviction. The effect of the ineffective assistance of appellate or postconviction counsel is to prevent the defendant from adequately presenting the errors that occurred in the trial court, including any errors by trial counsel, and thereby obtaining relief from the conviction or sentence. Because the "ground of fact" exception, as we interpreted it in *Hogan,* is limited to grounds that would likely have changed the result of the criminal case, such grounds may include the ineffectiveness of trial counsel, but cannot include the ineffectiveness of appellate or postconviction counsel.

Dible misses this distinction when he focuses on whether he could have known of the ineffective assistance of *postconviction* counsel within the three-year period. The fact that Dible did not know of the ineffective assistance of his first postconviction counsel is of no consequence under section 822.3 because there is no nexus between this alleged ground of fact and the conviction he seeks to set aside. *See Hogan,* 454 N.W.2d at 361 (must be nexus between ground of fact and conviction). In other words, even if Sikma had competently represented Dible in his first postconviction action, the result of Dible's criminal trial would not have been different. *See id.* (ground of fact must be likely to change the result of the case).

The proper focus should be on whether Dible knew, within the three-year period, of the underlying claims upon which he now challenges his conviction, i.e., those errors made during his criminal trial that allegedly changed the result of that trial. There can be no doubt that Dible did know of these claims inasmuch as the bases upon which he seeks to overturn his conviction in this action are the same bases urged in his first postconviction action, which *was* filed within the three-year period. Consequently, Dible has failed to establish a "ground of fact" that

could not have been raised within the three-year period.

B. *Statutory language.* The correctness of our interpretation of section 822.3 in *Hogan* is evident when one compares the language of the section 822.3 exception with the error-preservation exception found in section 822.8. Section 822.8 requires that all grounds for relief "must be raised in the applicant's original, supplemental or amended application" for postconviction relief "*unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application*" for postconviction relief. Iowa Code § 822.8 (emphasis added). In contrast, the exception to section 822.3's statute of limitations encompasses only "a ground of fact or law that *could not have been raised* within the applicable time period." *Id.* § 822.3 (emphasis added). Based on the differing language employed by the legislature in sections 822.3 and 822.8, our prior decisions have recognized the exceptions in these statutes are not coextensive.

For example, in *Whitsel v. State,* 525 N.W.2d 860 (Iowa 1994), we considered whether the applicant's allegation that his first postconviction counsel was ineffective excused his failure to file his second postconviction action within the three-year limitations period. 525 N.W.2d at 864. In concluding it did not, we noted the distinction between section 822.8 and section 822.3:

> Ineffective assistance of counsel may constitute "sufficient reason" for failure to raise an issue in an earlier trial or direct appeal. It does not, however, constitute a claim that "could not have been raised within the applicable time period" under section 822.3.

*Id.*

Section 822.8 contemplates that counsel in a prior postconviction proceeding might be ineffective as evidenced by the legislature's statement in that section that the applicant's failure to include all grounds for relief in the first postconviction action can be excused where such grounds were "inadequately raised." The legislature did not make the same provision in section 822.3. To paraphrase an observation we have made on many occasions: If the legislature had intended that ineffective assistance of counsel serve as an exception to the statute of limitations, it would have said so. It certainly knew how to do so, as shown by the language it used in section 822.8.

■ For similar reasons, we reject Dible's contention his right to the effective assistance of postconviction relief counsel requires us to adopt his suggested interpretation of section 822.3. *See* Iowa Code § 822.5 (providing for court-appointed counsel in postconviction relief proceedings); *Patchette v. State,* 374 N.W.2d 397, 398 (Iowa 1985) (recognizing statutory right to the effective assistance of postconviction relief counsel). Dible claims he will be denied his right to the effective assistance of postconviction counsel if we affirm the dismissal of this untimely postconviction relief action. Because the legislature chose to bestow the right to postconviction counsel, however, *see Dunbar v. State,* 515 N.W.2d 12, 14 (Iowa 1994) (right to postconviction relief counsel is statutory, not constitutional), it is also free to determine the parameters of this right. If the legislature had intended the right to postconviction relief counsel to take precedence over the statute of limitations, it could easily have included in section 822.3 an exception to the limitations period based on a denial of that right, as it implicitly did in section 822.8. Because it chose not to do so, we are not at liberty to read such an exception into section 822.3.

C. *Legislative intent.* In our first opportunity to consider the legislative intent underlying the limitations period of section 822.3, we concluded the legislative purpose was "to reduce injustices occurring as a result of lost witnesses" necessary to resolve factual issues arising in postconviction proceedings and upon retrial of cases where convictions have been overturned. *Brewer v. Iowa Dist. Ct.,* 395 N.W.2d 841, 843 (Iowa 1986). We subsequently observed the legislature also intended to conserve judicial resources and restore a sense of repose to our criminal justice system. *Wilkins,* 522 N.W.2d at 824. We noted in *Wilkins* that our decision not to recognize the ineffective

assistance of postconviction counsel as a "ground of fact" that would trigger the exception to the statute of limitations "best promotes legislative intent." *Id.* Our decision today again carries out that legislative intent by giving effect to the statute of limitations as it was drafted by the general assembly. Any other decision would result in an endless procession of postconviction actions, and the legislature's hope to avoid stale claims and to achieve a sense of repose in the criminal justice system would not be realized.

### IV. *Summary.*

In summary, we hold the ineffective assistance of postconviction relief counsel is not a "ground of fact" within the meaning of section 822.3. Consequently, it cannot serve as an exception to the three-year statute of limitations found in that statute. For these reasons, the trial court properly dismissed Dible's second postconviction relief action.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except McGIVERIN, C.J., and CARTER, NEUMAN, and SNELL, JJ., who dissent.

McGIVERIN, Chief Justice (dissenting).

I respectfully dissent. The majority opinion's narrow interpretation of Iowa Code section 822.3 effectively denies petitioner Dible any opportunity to have his postconviction claims heard. I believe the provisions of that section can be given effect without producing such a harsh result.

### I. *The effect of Dible's ineffective counsel.*

As the majority correctly notes, the respondent State's motion to dismiss Dible's petition admits all well-pleaded facts in the petition, *see Harryman v. Hayles,* 257 N.W.2d 631, 633 (Iowa 1977), and we therefore must assume that attorney Sikma rendered ineffective assistance in Dible's first postconviction action by allowing it to be dismissed under Iowa Rule of Civil Procedure 215.1. However, the majority fails to acknowledge the import of attorney Sikma's

substandard performance. Once counsel was appointed for Dible pursuant to Iowa Code section 822.5, Dible had a right to effective assistance of that counsel. *See Dunbar v. State,* 515 N.W.2d 12, 15 (Iowa 1994); *Schertz v. State,* 380 N.W.2d 404, 412 (Iowa 1985) (stating that right to effective assistance of counsel applies to appeals and postconviction actions as well as at trial).

Instead, Dible's first postconviction action was dismissed due to his counsel's failure to timely prosecute it or seek a continuance. Furthermore, because of counsel's ineffectiveness and failure to communicate the dismissal of the petition to Dible, Dible was unable to timely avail himself of other means, such as an appeal from the dismissal of his first action (within thirty days of dismissal) or a motion for reinstatement under rule 215.1 (within six months of dismissal), to save his first postconviction petition. Thus, despite his right to effective assistance of counsel, Dible was never given a hearing and had "no opportunity to test the validity of the conviction in relation to the ground of fact or law" alleged in his first postconviction action. *See Wilkins v. State,* 522 N.W.2d 822, 824 (Iowa 1994).

### II. *Time bar exception allowable under section 822.3.*

Under section 822.3, Dible should not be barred from obtaining relief. Dible could not raise the claim of ineffective assistance, based on attorney Sikma's inaction in the first postconviction case, within the required three-year period from the time Dible's conviction became final in March 1989; the first postconviction action was not dismissed until January 1993, and Dible did not learn of the dismissal until the summer of 1994. Section 822.3 allows for exceptions to the three-year time limit in cases where there is "a ground of fact or law that could not have been raised within the applicable time period." I believe the legislature clearly intended that postconviction relief applicants should not be precluded from bringing their claims before a court unless any untimeliness was due to their own inaction. *Cf. Schertz,* 380 N.W.2d at 412 (noting that "[b]y a proper showing that all previous counsel were ineffective, a

path may be forged to permit issues of error at trial to be raised before this court for the first time").

### III. *Criminal case result could have been changed.*

The majority emphasizes a distinction between the ineffective assistance of trial counsel and the ineffective assistance of appellate or postconviction counsel, asserting that "even if Sikma had competently represented Dible in his first postconviction action, the result of Dible's criminal trial would not have been different." That distinction is overstated. In this case, if attorney Sikma had competently represented Dible in his first postconviction action, Dible's claims of newly-discovered evidence and ineffective assistance of trial counsel at least would have received a hearing and possibly could have changed the result of the underlying criminal case. However, the result of our decision today is that Dible is not afforded the effective assistance of postconviction counsel previously guaranteed by our cases and section 822.5.

### IV. *Conclusion.*

In attempting to establish a bright-line rule, the majority's decision leads to an unfair result in this case and deprives Dible of a hearing on his claims. I would affirm the decision of the court of appeals reinstating Dible's second application for postconviction relief and remand for further proceedings.

CARTER, NEUMAN, and SNELL, JJ., join this dissent.