# IN THE COURT OF APPEALS OF IOWA

No. 13-1042
Filed July 30, 2014

**CRAIG ALLEN FLAGG,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert A. Hutchison,
Judge.

Craig Flagg appeals the dismissal of his application for postconviction
relief concerning a conviction from 1993.  **AFFIRMED.**

Nicholas Einwalter, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney
General, John P. Sarcone, County Attorney, and Dan Voogt and Stephan K.
Bayens, Assistant County Attorneys, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

In 1993, Craig Flagg pled guilty to possession of a controlled substance with the intent to deliver, in violation of Iowa Code section 124.104(1)(c)(3) (1993). His ten-year prison sentence was suspended, and there was no direct appeal taken by Flagg.

In 2011, Flagg was convicted in federal court on drug charges, and his federal sentence was enhanced based upon his prior 1993 drug conviction in state court. The enhancement resulted in his sentence to a term of imprisonment of 180 months.

In April 2013, Flagg filed an application for postconviction relief (PCR) in Polk County, Iowa, challenging his 1993 conviction. He alleged that conviction was constitutionally invalid and illegal, and he requested his conviction be vacated.

Shortly thereafter, the State filed its motion to dismiss Flagg's PCR application. The State argued that because more than three years since the date of Flagg's conviction had passed, Flagg's application was time-barred pursuant to Iowa Code section 822.3 (2013). The State contended summary dismissal of the PCR application was appropriate under section 822.6 because no genuine issue of material fact existed and Flagg was not entitled to judgment as a matter of law.

A hearing on the State's motion was subsequently held. Thereafter, the PCR court entered its ruling dismissing Flagg's PCR application. The court agreed Flagg's claim concerning his 1993 conviction was time-barred.

Flagg now appeals. He contends the PCR court erred in dismissing his PCR claim as untimely, and he asserts his PCR counsel was ineffective for failing to adequately preserve his claims. We review the PCR court's ruling on the State's statute-of-limitations defense for correction of errors at law, and we "will affirm if the court's findings of fact are supported by substantial evidence and the law was correctly applied." *Nguyen v. State*, 829 N.W.2d 183, 186 (Iowa 2013).

Iowa Code section 822.3 provides a three-year limitations period for the filing of postconviction relief petitions. However, the three-year period "does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3; *see also Nguyen*, 829 N.W.2d at 186. The objective of this exception "is to provide relief from the limitation period when an applicant had 'no opportunity' to assert the claim before the limitation period expired." *Cornell v. State*, 529 N.W.2d 606, 611 (Iowa Ct. App. 1994).

There is no dispute that Flagg's action falls outside the statute-of-limitations period provided in section 822.3. Flagg contends the exception to the statutory time bar applies here, asserting he was unable to file for PCR during the three-year statutory limit because he "was not made aware of the deficiencies in his case until his federal case in 2011." He further claims that "[u]ntil he was struck with the enhancements to his federal case, he had no idea that there would be collateral consequences to his case."

If a party claims an exception to a statute of limitations applies, that party must plead and prove the exception. *See id.* at 610. The focus of our inquiry is "whether the applicant was or should have been 'alerted' to the potential claim

before the limitation period expired." *Id.* at 611. Additionally, to meet this exception, there must be a possibility of success on the claim. *Nguyen*, 829 N.W.2d at 188.

We find Flagg's argument to be entirely without merit. Here, Flagg is not asserting a ground of fact or law that he could not have raised during the three-year limitations period. His petition challenges the voluntariness of his guilty plea and his innocence of the crime, among other things; however, Flagg does not direct us to any newly discovered evidence or any legal claim that he could not have raised within the statutory limitation period. Flagg's "inability to accurately predict future events, and adjust his behavior accordingly, is not the sort of factual circumstance reasonably triggering the ground of fact exception." *See Hogan v. State*, 454 N.W.2d 360, 361 (Iowa 1990), *abrogated by Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003) (abrogating "any requirement that [a PCR] applicant must show the ground of fact would likely or probably have changed the outcome of the underlying criminal case in order to avoid a limitations defense," which is not at issue here). As our supreme court has stated, "it is an obvious fact of life that most criminal convictions do in fact entail adverse collateral consequences," *see id.*, and Flagg does not direct us to any legal authority requiring attorneys advise their client of this obvious fact. We agree with the PCR court that Flagg's application does not raise a ground of fact or law that could not have been timely raised, and we consequently conclude the court did not err in finding Flagg's application was time barred.

Flagg also asserts his PCR counsel was ineffective for failing to adequately preserve his PCR claims for our review by filing an Iowa Rule of Civil

Procedure 1.904(2) motion after the PCR court dismissed his application as untimely. Because we conclude the court correctly found his application was time barred, there was nothing for his PCR counsel to preserve. Counsel has no duty to raise meritless issues. *See State v. Ross*, 845 N.W.2d 692, 698 (Iowa 2014); *see also Smith v. State*, 542 N.W.2d 853, 854 (Iowa Ct. App. 1995) (holding PCR applicant "cannot circumvent the effect of the three-year time bar by merely claiming the ineffective assistance of [PCR] counsel.").

For the foregoing reasons, we conclude the PCR court properly dismissed Flagg's PCR application. Accordingly, we affirm.

**AFFIRMED.**