# IN THE COURT OF APPEALS OF IOWA

No. 12-0838
Filed August 27, 2014

**MICHAEL KELLY,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.


        Michael Kelly appeals the dismissal of his second application or postconviction relief.  **AFFIRMED.**


        James T. Peters, Independence, for appellant.

        Michael Kelly, Anamosa, appellant pro se.

        Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kim Griffith, Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., Vogel, J., and Miller, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

Michael Kelly appeals the dismissal of his second application for postconviction relief. We affirm.

Kelly was convicted of sexual abuse in the third degree in December 2005. His conviction was affirmed on appeal, and procedendo issued on January 22, 2007. Kelly filed an application for postconviction relief on October 29, 2007. The district denied relief and dismissed the application in a decision filed July 17, 2009. Kelly appealed, our court of appeals affirmed the district court decision, and procedendo issued on September 22, 2010. No application for further review was filed.

On December 22, 2011, Kelly filed a second application for postconviction relief. It alleged ineffective assistance of postconviction appellate counsel for not seeking further review of this court's decision affirming dismissal of the first application for postconviction relief.

The State sought dismissal on the ground the second application was not filed within three years of procedendo in the underlying conviction for sexual abuse, and was thus barred by the three-year statute of limitations in Iowa Code section 822.3 (2011). The district court held that the statute of limitations applied, and the exception for a "ground of fact . . . that could not have been raised within the applicable time period" did not apply. It sustained the State's motion and dismissed the application.

Kelly appeals. He contends the district court erred, as the "ground of fact" exception to the statute of limitations applied. He argues that the alleged

ineffective assistance of postconviction appellate counsel could not have been raised within the applicable three-year period and in fact relates to his challenged underlying conviction.[1]

Our review of a dismissal based on the section 822.3 statute of limitations is for correction of errors of law. *Dible v. State*, 557 N.W.2d 881, 883 (Iowa 1996), *abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003); *Brown v. State*, 589 N.W.2d 273, 274 (Iowa Ct. App. 1998).

Long-standing precedent by our supreme court is contrary to Kelly's position. *See Harrington*, 659 N.W.2d at 520 (citing prior cases for the rule that an applicant relying on the section 822.3 "ground of fact" exception must show not only that the ground could not have been raised earlier but also a "nexus between the asserted ground of fact and the challenged conviction"); *Dible*, 557 N.W.2d at 883-84 (holding that ineffective assistance of counsel in a first postconviction case does not constitute a "ground of fact" exception to the section 822.3 three-year statute of limitations for an action for postconviction relief), *abrogated on other grounds by Harrington*, 659 N.W.2d at 521; *Hogan v. State*, 454 N.W.2d 360, 361 (Iowa 1990) (holding that a lack of knowledge that a conviction could have collateral consequences in a later conviction did not constitute a ground of fact or law exception to the three-year statute of limitations, as "no nexus exists between the ground of fact Hogan asserts and

---

[1] In a separate pro se brief Kelly attempts to present issues concerning the allegedly ineffective assistance of trial and appellate counsel in his first action for postconviction relief. These issues were not, however, involved the motion to dismiss or ruling thereon. They are thus not properly before us in this appeal.

the conviction he seeks to set aside"), *abrogated on other grounds by Harrington*, 659 N.W.2d at 521.

We are bound by the precedent established by the Iowa Supreme Court. *See State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent."). We thus affirm the district court's dismissal of Kelly's second application.

**AFFIRMED.**