**IN THE COURT OF APPEALS OF IOWA**

No. 14-0341
Filed April 22, 2015

**FERNANDO SANDOVAL,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

Fernando Sandoval appeals the district court's denial of his second application for postconviction relief. **AFFIRMED.**

Christopher R. Kemp of Kemp & Sease, Des Moines, for appellant.

Fernando Sandoval, Anamosa, pro se appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, John P. Sarcone, County Attorney, and David Porter and Anastasia B. Hurn, Assistant County Attorneys, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, J.**

Fernando Sandoval appeals the district court's denial of his second application for postconviction relief (PCR) claiming his PCR counsel was ineffective. We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), and (d).

On February 16, 2005, Sandoval was convicted of two counts of first-degree murder, which we affirmed on October 25, 2006.[1] On June 15, 2007, Sandoval filed his first application for PCR claiming his trial counsel provided ineffective assistance. The district court denied Sandoval's application on December 21, 2008. Sandoval appealed the denial, which was subsequently dismissed on February 18, 2010 pursuant to Iowa Rule of Appellate Procedure 6.1005 (frivolous appeals). Sandoval filed his second application for PCR on May 30, 2012. The State filed a motion for summary judgment claiming Sandoval failed to raise any new issue of fact or law and as a result his claim was time barred as all PCR applications must be filed within three years from the date the conviction or decision is final pursuant to Iowa Code section 822.3 (2011). The district court granted the State's motion for summary judgment. Sandoval filed a motion to enlarge the district court's ruling. The court granted Sandoval's motion and enlarged the ruling but reaffirmed its prior decision. Sandoval now appeals.

We review PCR proceedings for errors at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). To the extent Sandoval's claim involves the

---

[1] *State v. Sandoval*, No. 05-0426, 2006 WL 3018152, at *6 (Iowa Ct. App. Oct. 25, 2006).

constitutional right to effective assistance of counsel, our review is de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

Sandoval claims the court erred in finding his ineffective-assistance-of-PCR-counsel claim was time barred as it was filed within three years of the issuance of the procedendo from the appeal of his first PCR application. Sandoval's interpretation of Iowa Code section 822.3 is incorrect.

Iowa Code section 822.3 provides a three-year statute of limitations for the filing of PCR applications:

> All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Iowa Code § 822.3 (2011). Sandoval filed his second application for PCR in 2012—almost six years after procedendo was issued from the appeal of his convictions. Sandoval's claim of ineffective assistance of PCR counsel is not a new ground of fact or law that excuses the three-year statute of limitations. Our long standing precedent is contrary to Sandoval's position. *See Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003) (citing prior cases for the rule that an applicant relying on the section 822.3 "ground of fact" exception must show not only that the ground could not have been raised earlier but also a "nexus between the asserted ground of fact and the challenged conviction"); *Dible v. State*, 557 N.W.2d 881, 883–84 (Iowa 1996) (holding that ineffective assistance of counsel in a first postconviction case does not constitute a "ground of fact" exception to the section 822.3 three-year statute of limitations for an action for

postconviction relief), *abrogated on other grounds by Harrington*, 659 N.W.2d at 521; *Hogan v. State*, 454 N.W.2d 360, 361 (Iowa 1990) (holding that a lack of knowledge that a conviction could have collateral consequences in a later conviction did not constitute a ground of fact or law exception to the three-year statute of limitations, as "no nexus exists between the ground of fact Hogan asserts and the conviction he seeks to set aside"), *abrogated on other grounds by Harrington*, 659 N.W.2d at 521.

We affirm the district court's dismissal of Sandoval's second application for PCR.

**AFFIRMED.**