# IN THE COURT OF APPEALS OF IOWA

No. 16-0826
Filed August 16, 2017

**CHESTER GREENUP,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Glenn E. Pille, Judge.


        An applicant appeals the district court's dismissal of his application for postconviction relief. **AFFIRMED.**



        Karmen Anderson of the Law Office of Karmen Anderson, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.



        Considered by Vogel, P.J., McDonald, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

Chester Greenup appeals following the district court's dismissal of his application for postconviction relief (PCR). Greenup was convicted of first-degree kidnapping in 1998. His conviction was affirmed by this court in June 2000. *See State v. Greenup*, No. 99-0256, 2000 WL 852799, at *3 (Iowa Ct. App. June 28, 2000). Greenup filed his first application for PCR in 2001, which was denied by the district court, and this court affirmed the district court's denial. *See Greenup v. State*, No. 07-0542, 2008 WL 4569878, at *4 (Iowa Ct. App. Oct. 15, 2008). Greenup filed a second PCR application on June 25, 2015. The district court summarily dismissed this application on statute-of-limitations grounds on May, 4, 2016, and this is the application at issue in the appeal.

The only claim Greenup raises on appeal is that his most recent PCR counsel and all prior counsels of record were ineffective in failing to challenge the victim's identification of him from the photo lineup. This claim is barred by the PCR statute of limitations.

Pursuant to Iowa Code section 822.3 (2015), a postconviction relief proceeding must be commenced within three years of the issuance of procedendo in the event of a direct appeal of the conviction. The writ of procedendo following Greenup's direct appeal was issued on September 27, 2000. The current application was not filed until June 2015. In his appellate brief, Greenup asserts no exception to the application of the three-year statute of limitations to this claim. Section 822.3 does provide the three-year limitation "does not apply to a ground of fact or law that could not have been raised within the applicable time period." However, "the ineffective assistance of

postconviction relief counsel is not a 'ground of fact' within the meaning of section 822.3. Consequently, it cannot serve as an exception to the three-year statute of limitations found in that statute." *Dible v. State*, 557 N.W.2d 881, 886 (Iowa 1996), *abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509 (Iowa 2003). Greenup's claim on appeal is barred by the statute of limitations.

In addition, we note our prior ruling in response to Greenup's first PCR application addressed a claim that Greenup's trial counsel was ineffective for failing to "move to suppress the victim's identification of Greenup." *Greenup*, 2008 WL 4569878, at *2. This claim was denied by the district court, and we summarily affirmed that denial. *Id.* at *3. "Any ground finally adjudicated . . . may not be the basis for a subsequent application . . . ." Iowa Code § 822.8. Because the validity of the victim's identification of Greenup has already been raised and litigated in the prior PCR proceeding, it may not now be raised again in a subsequent PCR proceeding.

We affirm the district court's dismissal of Greenup's second PCR application.

**AFFIRMED.**