# IN THE COURT OF APPEALS OF IOWA

No. 17-0865
Filed May 2, 2018

**TERRANCE BURNETT,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Richard H. Davidson, Judge.

Applicant challenges the dismissal of his second application for postconviction relief. **AFFIRMED.**

Marti D. Nerenstone, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Benjamin M. Parrott, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Terrance Burnett appeals from the dismissal of his second application for postconviction relief. He contends the district court erred in dismissing his application as time barred. This court has twice laid out the facts in Burnett's case, *see Burnett v. State*, No. 14-1128, 2016 WL 530130, at *1 (Iowa Ct. App. Feb. 10, 2016); *State v. Burnett*, No. 11-0361, 2012 WL 836656, at *1–2 (Iowa Ct. App. Mar. 14, 2012), and they need not be repeated herein.

On review for the correction of legal error, *see Dible v. State*, 557 N.W.2d 881, 883 (Iowa 1996), *abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509 (Iowa 2003), we conclude the district court did not err in dismissing Burnett's untimely second application for postconviction relief. Iowa Code section 822.3 (2016) requires postconviction-relief applications "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued" absent a ground of fact or law that could not have been raised within the statutory period. It is not disputed Burnett's second application is untimely. Burnett contends his untimely application should be excused because his postconviction appellate counsel was ineffective in not seeking further review of this court's decision affirming the dismissal of his first application for postconviction relief. The ineffective assistance of postconviction appellate counsel is not a ground of fact or law excusing an untimely application for postconviction relief. *See Dible*, 557 N.W.2d at 886; *Greenup v. State*, No. 16-0826, 2017 WL 3505293, at *1 (Iowa Ct. App. Aug. 16, 2017) ("However, the ineffective assistance of postconviction relief counsel is not a 'ground of fact' within the meaning of section 822.3. Consequently, it cannot serve as an exception to

the three-year statute of limitations found in that statute."); *Allison v. State*, No. 16-0764, 2017 WL 706330, at *1–2 (Iowa Ct. App. Feb. 22, 2017) (holding the ineffective assistance of postconviction counsel is not a "ground of fact" within the exception to the three-year statute of limitations); *Kelly v. State*, No. 12-0838, 2014 WL 4224731, at *1 (Iowa Ct. App. Aug. 27, 2014) (holding the "ineffective assistance of postconviction appellate counsel" was not an exception to the statute of limitations); *Jackson v. State*, No. 12-1496, 2013 WL 4505114, at *2 (Iowa Ct. App. Aug. 21, 2013) ("Jackson argues his case is distinguishable as he is claiming his postconviction appellate counsel is ineffective, but our case law is clear that postconviction counsel's conduct does not have a direct impact on the validity of the criminal conviction and does not qualify as a ground of fact that will avoid the limitations period.").  The district court correctly dismissed Burnett's application for postconviction relief as time barred.

**AFFIRMED.**