# IN THE COURT OF APPEALS OF IOWA

No. 18-0112
Filed October 10, 2018

**JOSHUA DAVID MITCHELL,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Paul D. Miller (ruling for dismissing and order denying motion to correct sentence), Chad A. Kepros (order dismissing PCR), and Lars G. Anderson (order denying reinstatement), Judges.

Joshua Mitchell appeals from the denial of his motion to reinstate his second postconviction-relief application. **REVERSED AND REMANDED.**

John L. Thompson, Tama, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

Joshua Mitchell appeals from the denial of his motion to reinstate his second postconviction-relief (PCR) application.

On July 7, 2011, Mitchell pled guilty to sexual abuse in the second degree, in violation of Iowa Code sections 709.1 and 709.3(1)(b) (2011). Other background facts are set out in a prior opinion by this court:

> The trial information alleged that Mitchell committed multiple sex acts on his five- and nine-year-old daughters. Mitchell agreed to plead guilty to both counts in exchange for the State's recommendation the sentences run concurrently. The trial court accepted the plea after finding it was entered voluntarily and intelligently. The court accepted the State's recommendation and imposed two, twenty-five-year terms of incarceration, to be served concurrently.

*Mitchell v. State*, No. 16-1674, 2017 WL 6033878, at *1 (Iowa Ct. App. Dec. 6, 2017).

Mitchell did not appeal following his conviction. He did, however, file two earlier pro se applications for PCR, which were combined and amended to assert several claims of ineffective assistance of plea counsel, and were tried to the district court. *See id.* The PCR court denied the application and all of Mitchell's ineffective-assistance-of-counsel claims. This court affirmed, *id.* at *4, and our supreme court denied further review.

While the appeal of the first PCR ruling was pending, Mitchell filed the instant pro se motion for correction of an illegal sentence and application for postconviction relief, asserting in his attached brief in support that there was a "lack of evidence" for his conviction, which "is a strong indicator of the innocence of the defendant."

The State responded with a pre-answer motion to dismiss, asserting the three-year statute of limitations on PCR actions in section 822.3 (2017) and the bar against cumulative PCR actions. Mitchell was appointed counsel, the court extended the time for response, and counsel filed a resistance in which counsel acknowledged several of Mitchell's claims of ineffective assistance of plea counsel were previously raised. However, counsel also noted Mitchell had raised "a ground of fact . . . that could not have been raised within the applicable time period," which was not barred by the three-year limitations period. *See* Iowa Code § 822.3. Counsel cited an affidavit of Mitchell in which Mitchell states he was recently taken off medications and only then was able to remember matters he believed may refute the charges.[1] Counsel argued the affidavit was sufficient to avoid summary dismissal. For unknown reasons, the affidavit was never filed.

On October 26, the district court filed a ruling in which it considered and analyzed Mitchell's PCR claims. The court noted that no affidavit was filed with the resistance. The court determined the ineffective-assistance-of-plea-counsel claims had been asserted previously or were barred. The court discussed the claim of a new ground of fact and found it lacking. The court provided:

---

[1] Specifically, counsel argued,

> The new evidence cited by Mr. Mitchell, that the [department of human services (DHS)] was involved with the children during the time that Mr. Mitchell supposedly forcibly sexually abused them and beat them, but no evidence of this was reported to the DHS or observed by anyone including the DHS caseworkers, is of sufficient weight that it could have changed the course of proceedings. That is, had his attorney's investigation revealed this evidence, or had his memory not been impaired by the medication he was taking, this newly evidence, in combination with the corresponding absence of any physical evidence corroborating the children's allegations that were both inconsistent and in part obviously incredible, would have changed his decision to not proceed to trial.

Based upon the foregoing, and viewing the application in a light most favorable to [Mitchell], the court finds and concludes that [Mitchell's] asserted claim is clearly outside of the three-year limitations period set forth in Iowa Code [section] 822.3. It thus appears to the court that this matter is appropriate for dismissal pursuant to Iowa law regarding actions that have failed to state a claim upon which relief can be granted and pursuant to Iowa Code [section] 822.6. Because the procedure set forth in [section] 822.6 requires the court to inform applicant of the court's intention to dismiss the application, which is based on the reasons set forth above, the court hereby grants applicant thirty (30) days from the date of this ruling to reply to the proposed dismissal. Once the court has had the opportunity to consider any reply, or applicant's failure to file any reply, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Iowa Code § 822.6 (2017).

No response was filed within the thirty-day time period.

On December 19, 2017, the court dismissed the PCR application. On December 20, counsel for Mitchell moved to reinstate the application, asserting the lack of response "was not intentional or deliberate"; Mitchell had not been notified of the ruling by either the clerk or counsel, which denied Mitchell the chance to file a pro se response; and Mitchell's application "was not one where it appears to a certainty the pleader has failed to state a claim upon which any relief may be granted under any state of facts which could be proved in support of the claim asserted." The PCR court considered and denied the motion to reinstate.

Mitchell now appeals, contending PCR counsel failed to present his affidavit and failed to inform him of the October ruling, and those failures require a reversal and remand for further proceedings. In essence, Mitchell asserts his PCR provided ineffective assistance of counsel.

We first observe that this was not a dismissal for failure to litigate the PCR action. *See* Iowa R. Civ. P. 1.944; *Lado v. State*, N.W.2d 248, 254 (Iowa 2011).

Mitchell was appointed counsel, and counsel resisted the State's motion to dismiss. However, Mitchell is asserting a claim of ineffective assistance of counsel, which is a constitutional issue we review de novo. *Villa Magana v. State*, 908 N.W.2d 244, 259 (Iowa 2018).

In the district court's ruling, the district acknowledged that Mitchell was claiming he was innocent based upon the "new grounds," but the court concluded his claim was beyond the three-year limitation period in Iowa Code section 822.3. Because Mitchell is claiming PCR counsel was ineffective in presenting his claim, we are guided by recent supreme court decisions, which were decided after the district court ruling and the briefing in this appeal. *See Schmidt v. State*, 909 N.W.2d 778, 795 (Iowa 2018) (recognizing a freestanding claim of actual innocence under the Iowa Constitution is available to applicants even though they pled guilty and that such a claim is not barred by the three-year period of section 822.3); *see also Allison v. State*, 914 N.W.2d 866, 890 (Iowa 2018) (stating the court was "qualify[ing]" *Dible v. State*, 557 N.W.2d 881, 886 (Iowa 1996), which held that ineffective assistance of PCR counsel cannot serve as an exception to the three-year statute of limitations Iowa Code section 822.3).

In light of these recent cases, we reverse the summary dismissal of Mitchell's PCR claim and remand to the district court for further proceedings and consideration of Mitchell's claim that PCR counsel was ineffective.

**REVERSED AND REMANDED.**