# IN THE COURT OF APPEALS OF IOWA

No. 22-1303
Filed July 13, 2023

**ANTHONY JAMES HOLLEN,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Lars Anderson and Mitchell Turner, Judges.

An applicant appeals the denial of his first postconviction relief application. **AFFIRMED.**

Mark C. Meyer, Cedar Rapids, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., Buller, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**SCHUMACHER, Presiding Judge.**

On February 28, 2005, Anthony Hollen entered an *Alford* plea to second-degree sexual abuse, first-degree burglary, and second-degree theft. The court accepted the plea and sentenced him to two twenty-five-year sentences and one five-year sentence, to be run consecutively.[1] The twenty-five-year sentence for second-degree sexual abuse carried a seventy percent mandatory minimum, seventeen-and-a-half years. Hollen did not appeal his convictions.

Hollen filed a postconviction-relief (PCR) application, his first, on August 1, 2018. In it, he alleged his sentence was illegal. He also claimed his trial counsel was ineffective, in part by informing Hollen that he "realistically could be paroled out after" the seventeen-and-a-half-year mandatory minimum was served. Hollen claims he accepted the *Alford* plea on the belief he would be paroled about seventeen years into his sentence. He asserts it was only after he inquired about moving to short-term housing in 2016 that he was informed he would not be eligible for parole until about 2040.

The State filed a pre-answer motion to dismiss, claiming the PCR application was time-barred. The court determined that Hollen could challenge an illegal sentence at any time. The court also noted that, as to Hollen's ineffective-assistance claim, the statutory time bar "seems to apply." The court denied the motion to dismiss, highlighting that a challenge to an illegal sentence could be brought at any time.

---

[1] The sentences ran consecutively to a ten-year sentence from a separate conviction.

The State filed a motion in limine in June 2022, seeking to prohibit Hollen from arguing his ineffective-assistance-of-counsel claim because it was untimely. The court granted the motion. Shortly thereafter, Hollen dismissed his illegal-sentence claim. The court, taking the motion in limine ruling as effectively a summary disposition, dismissed Hollen's application.[2] Hollen appeals, claiming his ineffective-assistance-of-counsel claim is not time barred.

An applicant must bring all claims within three years of the conviction becoming final. *See* Iowa Code section 822.3 (2018). Because Hollen brought his application in 2018, about thirteen years after his conviction was final in 2005, it would generally be time barred. "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.*

Hollen claims a new ground of fact arose, namely that he did not know until 2016 that his attorney's estimate for the length of his sentence was incorrect. He argues that an applicant has three years from the time they were "alerted to [a] potential ground" of fact to bring their claims. *See Hogan v. State*, 454 N.W.2d 360, 361 (Iowa 1990), *overruled in part by Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003).

We determine that Hollen's reading of *Hogan* takes that case's holding too far. It is true that Hogan was affirmatively alerted to the time bar requirement found in a predecessor to section 822.3. *Id.* (noting that Hogan was informed of a

---

[2] The district court noted the procedural oddity, but treated the motion as a summary disposition after an opportunity for argument was provided to the parties. And Hollen does not challenge the procedural aspect of the motion.

potential ground for relief two years prior to a statutory deadline).  But *Hogan* does not establish a requirement that the applicant be alerted to a ground of law.  Instead, we look to whether an applicant "could have raised the [new] ground of fact" within the three-year limit.  *See Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018).  Indeed, section 822.3, by its own terms, only permits the exception for a ground of fact or law "that *could not* have been raised."  (Emphasis added).

Here, there is no reason Hollen could not have discovered the length of his sentence or parole eligibility prior to when the three-year limitation expired in 2008.  The order in his underlying conviction set out the lengths of his sentences.  And any error counsel committed when they informed Hollen of the estimate for parole could have been discovered within three years of Hollen's convictions.  As a result, the length of his sentence and parole eligibility is not a new ground of fact that could not have been raised within three-years of his conviction.  Hollen's application as it related to his ineffective-assistance claim was untimely.  We affirm the dismissal of Hollen's application.

**AFFIRMED.**