# IN THE COURT OF APPEALS OF IOWA

No. 24-0854
Filed August 20, 2025

**SAMUEL CLARK TOOSON, JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Melissa A. Anderson-Seeber, Judge.

An applicant appeals the dismissal of his application for postconviction relief as time-barred. **AFFIRMED.**

Audra F. Saunders, West Des Moines, for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, for appellee.

Considered without oral argument by Greer, P.J., and Badding and Chicchelly, JJ. Buller, J., takes no part.

**BADDING, Judge.**

Samuel Tooson appeals a district court ruling that dismissed his second application for postconviction relief as time-barred under Iowa Code section 822.3 (2018). He claims the court erred by dismissing his application because he alleged the "ground of fact" exception to the statute of limitations and because his first postconviction relief attorneys were ineffective. We affirm.[1]

Following a jury trial in 2006, Tooson was convicted of second-degree sexual abuse and assault while participating in a felony. We affirmed his convictions on direct appeal. *State v. Tooson*, No. 06–1567, 2007 WL 4197305, at *1, *3 (Iowa Ct. App Nov. 29, 2007). Procedendo issued on January 25, 2008. In December of that year, Tooson filed his first application for postconviction relief, alleging thirty-four grounds for relief. *Tooson v. State*, No. 15-0555, 2016 WL 4543531, at *1 (Iowa Ct. App. Aug. 31, 2016). The district court denied all Tooson's claims, except for one that resulted in the vacation of his conviction for assault while participating in a felony. We affirmed the court's ruling, *id.*, and procedendo from that appeal issued in February 2017.

Eleven months later—in January 2018—Tooson filed his second application for postconviction relief. In an amended and substituted application, Tooson alleged his criminal trial was rife with undisclosed conflicts of interest among trial counsel, post-trial counsel, the trial judge, a juror, and a witness. Tooson claimed

---

[1] "We generally review postconviction proceedings, including summary dismissals of postconviction-relief applications, for errors at law." *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). When the district court dismisses an application for postconviction relief prior to trial, *see* Iowa Code § 822.6, we apply summary judgment standards on review, *Moon*, 911 N.W.2d at 142.

that all his prior attorneys were ineffective for failing to raise these conflicts, among other issues. The State moved to dismiss Tooson's application as time-barred under the three-year statute of limitations in Iowa Code section 822.3. In response, Tooson argued that "as it relates to the conflict of the district court judge and newly appointed trial counsel, he literally heard that during the [postconviction relief] hearing, so it could not have been raised in the first [postconviction relief] hearing . . . ." After a hearing in March 2024,[2] the district court granted the State's motion and dismissed Tooson's application. Tooson appeals.

Iowa Code section 822.3 requires postconviction-relief applications to "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Tooson agrees that his application was not filed within that deadline. He instead relies on the "ground of fact" exception to the statute's time-bar, which provides that the "limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. Under that exception, Tooson argues that he "was not alerted to the conflicts of interest during his criminal case, nor of the ineffectiveness of his trial counsel and [postconviction-relief] counsel until he filed his second" application for postconviction relief.

When Tooson's application was filed in January 2018, *Dible v. State* foreclosed the latter part of the argument that he is making on appeal, holding that

---

[2] The court had held a hearing on an earlier version of the State's motion in January 2022, but "inadvertently failed to file a ruling on the motion to dismiss" after leaving the record open for briefing. Tooson amended his application for postconviction relief in November 2023, which prompted the State to file a supplemental summary disposition motion that the court heard in March 2024.

"ineffective assistance of postconviction relief counsel is not a 'ground of fact' within the meaning of section 822.3." 557 N.W.2d 881, 886 (Iowa 1996). The court changed course in *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018) *superseded by statute as stated in Sandoval v. State*, 975 N.W.2d 434, 437 (Iowa 2022), where it adopted a relation-back doctrine. That doctrine, as the court explained in *Sandoval*,

> held that a second application for postconviction relief filed beyond the three-year-limitations period would relate back to the filing of the first application and be considered timely if three conditions were met: (1) the first application was timely filed; (2) the second application alleged prior postconviction counsel provided ineffective assistance in presenting the first application; and (3) the second application was "filed promptly after the conclusion of the first [postconviction relief] action."

975 N.W.2d at 436 (alteration in original) (quoting *Allison*, 914 N.W.2d at 891). After *Allison*, the general assembly amended section 822.3 to abrogate its holding. *Id.*; *see also* 2019 Iowa Acts ch. 140, § 34. Effective July 1, 2019, section 822.3 now provides that "[a]n allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods."

In dismissing Tooson's application amid this shifting landscape, the district court found that whichever rule applied, the application would be time-barred:

> Tooson argues that the 2019 amendment to Iowa Code section 822.3 does not apply to his case because his application was filed prior to the legislative enactment. If this Court used the current status of section 822.3 after the 2019 amend[ment] in determining whether Tooson's second [postconviction relief] application was timely filed, it is clear that the application would be time barred and the State's Motion to Dismiss would be granted. But Tooson is correct in arguing that his application was filed on January 22, 2018,

and was prior to the change to the statute. He asks that the Court use the decision in *Allison* for this Motion to Dismiss. But of note, his second [postconviction relief] application was filed prior to the Iowa Supreme Cou[r]t ruling in *Allison*, which was filed on June 29, 2018. When his second application was filed, the Iowa Supreme Court opinion in *Dible* controlled and held that any successive [postconviction relief] application filed outside the three-year statute of limitations was untimely and that ineffective assistance of [postconviction relief] counsel was not a "ground of fact" sufficient to extend the running of the statute of limitations. If this Court were to apply the law as it existed when his application was filed, his second application would also be clearly untimely and the Motion to Dismiss would be granted. . . . [I]n an effort to give Tooson the benefit of the argument, the Court will analyze the State's Motion to Dismiss using *Allison*.

(Internal footnotes omitted.) The court continued that under *Allison's* relation-back doctrine,

the question . . . is whether his second petition was promptly filed after the conclusion of the first [postconviction relief] action. Procedendo issued following the conclusion of Tooson's first [postconviction relief] action on February 13, 2017. Tooson waited until January 22, 2018, to file this second application. While Tooson's counsel argued in his brief that the 11-month delay in filing the second [postconviction relief] application was prompt, this Court is not persuaded. While promptly is not defined in *Allison*, other cases have determined what is not promptly filed. The Iowa Court of Appeals determined that a six-month delay in filing a second [postconviction relief] petition alleging ineffective assistance of first [postconviction relief] counsel was not filed promptly. This Court finds that the second [postconviction relief] petition filed by Tooson is time barred under the holding of *Allison*. Further, the Court finds that the second [postconviction relief] application would also be time barred under a *Dible* analysis and the current section 822.3.

(Internal footnotes omitted.) We agree, although Tooson does not reprise his argument under *Allison's* relation-back doctrine on appeal. Even if he did, the court correctly concluded that argument would be foreclosed. *See Sandoval*, 975 N.W.2d at 438 (agreeing with the court of appeals "that a delay of more than six months is not prompt").

Tooson's application is not saved by his claim that he had "newly discovered evidence of multiple conflicts of interest which were not disclosed to him at the time of the trial on his criminal charges." As the court explained:

> Even though all postconviction applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued, Iowa Code [section] 822.3 provides a limited safety val[v]e for situations where there is a valid barrier which prevented the raising of a claim during the statute of limitations. "[T]his limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." "A reasonable interpretation of the statute compels the conclusion that exceptions to the time bar would be . . . newly-discovered evidence or a ground that the applicant was at least not alerted to in some way." Tooson alleges that he has discovered new information that his criminal trial counsel, James Metcalf, and then Michael Bandy, after James Metcalf was removed from the case, did not disclose that they had previously worked as counsel and co-counsel prior to representing him. Further, Tooson alleges newly discovered evidence in that [t]he attorney Bandy worked with [the trial judge] when she was in private practice for a period of time. Tooson does not provide information or evidence that supports any merit to this claim. Further, the information pertaining to the association of the attorneys and potentially the judge is based on historical information. The exception [for] untimely filed applications created by Section 822.3 for claims that "could not" have been previously raised because they were not available. It was information that was available to Tooson if he looked. Therefore, the Court finds that Tooson fails to establish a claim that falls within the exception to the statute of limitations.

(Internal footnotes omitted.); *see Moon*, 911 N.W.2d at 143 (stating that for the exception to apply, "the applicant must meet the 'obvious requirement' that he or she could not have raised the ground of fact within the limitations period" (quoting *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003))).

We conclude the district court correctly granted the State's motions for summary disposition and affirm its ruling dismissing Tooson's second application for postconviction relief.

**AFFIRMED.**