**IN THE COURT OF APPEALS OF IOWA**

No. 17-1557
Filed October 10, 2018

**JASON A. BROWN,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Jackson County, Mark R. Lawson,

Judge.


        Jason Brown appeals from the summary adjudication of his second

application for postconviction relief.  **AFFIRMED.**


        Lauren M. Phelps, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney

General, for appellee State.


        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

Jason Brown appeals from the summary adjudication of his second application for postconviction relief (PCR).

Generally, we review a grant of a motion to dismiss a PCR petition for correction of errors at law. *Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012).

Jason Brown was convicted of robbery in the first degree on August 18, 2011. Attorney Derek Jones represented him at trial. The extensive factual background of the offense and evidence presented at trial is set out in *State v. Brown*, No. 11-1478, 2012 WL 3590173, at *1-4 (Iowa Ct. App. Aug. 22, 2012). On appeal, Brown was represented by the Appellate Defender's Office. Brown's conviction was affirmed, and his claims of ineffective assistance of trial counsel were preserved for PCR proceedings. *Brown*, 2012 WL 3490173, at *4.

Brown then filed his first PCR application. Now represented by Attorney Stuart Hoover, Brown's ineffective-assistance-of-trial-counsel claims were heard and denied. In its ruling, the PCR court noted the 2010 minutes of evidence indicated search warrants were issued to Brown's girlfriend's residence and Brown's vehicle, and Brown's trial counsel had access to the entire prosecution's file. The court ruled trial counsel chose not to take depositions "due to the above-stated detail" of the information in the minutes of evidence, which the PCR court found to be a reasonable strategy.

On appeal from the dismissal of his first PCR action, Attorney Peter Stiefel represented Brown and asserted Brown "received ineffective assistance of [trial] counsel as his attorney failed to move to dismiss the trial information as untimely filed," "defense counsel was ineffective for failing to challenge the introduction of

'known' fingerprints labeled with his name, without a proper foundation," and "documents from Verizon Wireless regarding his location were inadmissible hearsay." *Brown v. State*, No. 15-1574, 2017 WL 2017 WL 936079, at *1 (Iowa Ct. App. Mar. 8, 2017). This court affirmed the denial of PCR, *id.* at *3, and the supreme court denied further review on July 13, 2017.

While the appeal of his first PCR was pending, Brown filed a second PCR application on January 4, 2017, raising additional claims of ineffective assistance of trial counsel. The State filed a motion for summary dismissal, arguing the issues were time-barred.

Attorney Stiefel was appointed to represent Brown and filed an amended application, asserting new evidence, i.e., "Wisconsin authorities searched Brown's vehicle in Wisconsin without a search warrant, thus requiring suppression of all evidence found as a result of that search." Brown contended the evidence supporting the allegation included prior case files and a letter from the Milwaukee County, Wisconsin Clerk of Court "stating no search warrant existed in Wisconsin."

The State then filed two search warrants both issued from Milwaukee County on September 23, 2010: one for a gold Suburban in the custody of the Milwaukee Police Department—this is a warrant for Brown's vehicle; and one for a residence—the address of which was that of Brown's girlfriend.

After oral argument, the PCR court ruled the ineffective-assistance-of-trial-counsel claims were barred by Iowa Code section 822.3 (2015).[1] The court then ruled,

---

[1] The court noted that because there is a three-year limit on PCR applications, absent special circumstances, *see* Iowa Code § 822.3, and procedendo issued on the appeal of

The applicant argues that if the search of his vehicle was without a warrant, and if witnesses lied at trial concerning the existence of a warrant, this would render his conviction fundamentally unfair. At the very least, the fact that a search warrant was not obtained, and testimony of officers that a warrant was obtained, would constitute exculpatory evidence to which the applicant would be entitled under *Brady*. . . .

. . . .

Assuming without deciding the issue is a fact issue that could not have been uncovered within three years, there is no constitutional violation because the search warrants were issued. The witnesses testified truthfully at Brown's trial concerning the existence of the search warrants. Therefore, the applicant's request for postconviction relief on this ground must also be denied.

The court granted the State's motion for summary disposition.

*1. Three-year bar as applied to search warrant issue.*

On appeal from the second PCR application Brown is represented by Attorney Lauren Phelps. Brown contends his second PCR application should not have been dismissed because he has presented a claim of "a ground of fact . . . which could not have been raised at trial" sufficient to avoid summary disposition. *See* Iowa Code § 822.3; *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003) (holding that "[i]n addition to the obvious requirement that an applicant relying on section 822.3 must show the alleged ground of fact could not have been raised earlier, the applicant must also show a nexus between the asserted ground of fact and the challenged conviction," that is, the applicant "must show the ground of fact is relevant to the challenged conviction," and defining "relevant" as "of the type that has the potential to qualify as material evidence for purposes of a substantive claim under section 822.2").

---

the Brown's conviction on September 20, 2012, "any application for postconviction relief would have been required to be filed by September 20, 2015."

Brown asserts he "only became aware of the possible search warrant problem in the course of trying to deal with damages that had been done to his vehicle (the gold Suburban) during the course of its being in the police garage in Milwaukee."[2] Whether or not Brown was aware of the "possible search warrant problem," the warrants have been of record since 2010; they were mentioned in the minutes of evidence; witnesses testified that officers executed a search warrant on the Suburban at trial; the warrants were noted in Brown's original appeal in 2012, *see Brown*, 2012 WL 3590173, at *2; and the warrants were noted by the district court in the first PCR ruling in 2015. Because Brown has not shown he could not have raised the issue of the existence of a warrant earlier, we affirm the district court's ruling that he failed to establish a ground-of-fact exception to the three-year statute of limitations.

*2. Remaining three PCR claims.*

The other three issues[3] raised in Brown's second PCR petition were dismissed pursuant to Iowa Code section 822.3 because they could have been raised within three years and incorporated into the first petition. *See* Iowa Code § 822.8.[4] During the hearing on the State's motion to dismiss, Brown attempted to

---

[2] Brown claims the clerk stated no search warrant existed. However, the letter from the clerk of court actually states, "I am unable to find a search warrant *under your name* during the period of September, 2010, to January, 2011." (Emphasis added.)

[3] The other three issues included: (1) failure to challenge prospective jurors whose surnames were "Kilburg," (2) counsel failed to seek a change of venue, and (3) failure to investigate the "potential" alteration of videos of Brown's interrogation.

[4] Section 822.8 provides:

> All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised . . . in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief

avoid section 822.8 by arguing there is "sufficient reason" for not raising them in his original petition—Attorney Stiefel in this second PCR action was ineffective in "only assert[ing] that his three ineffective assistance claims were inadequately raised in the original PCR case, without offering any specific facts, either by counsel's statement or by testimony." Attorney Stiefel served as appellate counsel in the first PCR and as trial counsel for the second PCR. But, Attorney Stiefel was not the attorney in the first PCR action—Attorney Hoover represented Brown in the original PCR action. Brown offers no challenge to Attorney Hoover's representation.[5] Notwithstanding Brown's counsel's argument during the hearing on the State's motion to dismiss, there is no allegation in either the second PCR petition or in its form as recast that the first postconviction-relief counsel was ineffective.

Further, even if Attorney Steifel had a potential conflict of interest, Brown has not explained how this relates back to Hoover's representation. We will not speculate on arguments counsel may have made. *See Hyler v. Garner*, 548

---

asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

[5] The State also asserts prior case law forecloses Brown's ineffectiveness claim. *See Dible v. State*, 557 N.W.2d 881, 886 (Iowa 1996) ("[T]he ineffective assistance of postconviction relief counsel is not a "ground of fact" within the meaning of section 822.3. Consequently, it cannot serve as an exception to the three-year statute of limitations found in that statute."), *abrogated in part by Harrington*, 659 N.W.2d at 515, 521. *Dible* was recently "qualif[ied]." *Allison v. State*, 914 N.W.2d 866, 890-91 (Iowa 2018) ("[W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and *there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim*, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action." (emphasis added)). However, Brown does not challenge his first PCR counsel's performance. Thus, Brown's ineffectiveness claim on appeal does not fall within the *Allison* qualification.

N.W.2d 864, 876 (Iowa 1996). Moreover, Brown's second PCR petition as recast, acknowledges his first petition alleged two of the three grounds—failure to challenge prospective jurors with the surname of Kilburg and the failure to seek a change of venue. The third ground only involves a "potential" alteration of his interrogation video. Although we acknowledge a conflict could exist in the appointment of the same counsel as occurred here, an actual conflict adversely affecting Brown's counsel's performance under these facts appears remote. *See State v. Mulatillo*, 907 N.W.2d 511, 518 (Iowa 2018) ("An actual conflict of interest under the Sixth Amendment is one 'that adversely affects counsel's performance.'" (quoting *Mickens v. Taylor*, 535 U.S. 162, 172 n.5 (2002)); *see also State v. Smitherman*, 733 N.W.2d 341, 347 (Iowa 2007) (adopting *Mickens*'s definition of "actual conflict of interest" in Iowa). Accordingly, we decline to reverse the dismissal of this PCR action on the basis of the alleged conflict of interest.

Thus, Brown has failed to present sufficient reason to avoid the three-year bar.

Finding no reason to disturb the district court's dismissal, we affirm.

**AFFIRMED.**