# IN THE COURT OF APPEALS OF IOWA

No. 18-0309
Filed August 21, 2019

**CHESTER LEE POLK JR.,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Black Hawk County, Kellyann M.
Lekar, Judge.

　　A person seeking postconviction relief appeals the dismissal of his second
petition as untimely. **AFFIRMED.**

　　Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

　　Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant
Attorney General, for appellee State.

　　Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**TABOR, Judge.**

The question here is timing. The district court dismissed Chester Polk Jr.'s second petition for postconviction relief (PCR) as beyond the statute of limitations. The dismissal predated *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018). *Allison* held the filing of a second PCR petition—alleging ineffective assistance of first PCR counsel—relates back to the date of the original petition if "filed promptly" after the first PCR action. 914 N.W.2d at 891. On appeal, Polk argues *Allison* "appears to encompass [his] situation."

Because Polk waited nearly six months to file his second PCR petition after the voluntary dismissal of his first PCR action, he did not meet the "prompt" filing mandate in *Allison*.[1] We thus affirm the dismissal.[2]

Dismissal means Polk's forgery conviction stays in place. Polk pleaded guilty to forgery as a habitual offender. The district court entered judgment on that conviction on February 3, 2014. Polk received a suspended sentence. But in June 2015, the court revoked his probation and sent him to prison for the indeterminate fifteen-year term. Polk then filed a notice of appeal from his conviction that the supreme court dismissed as untimely. Because Polk's direct appeal was not viable, the three-year clock for filing a PCR application started on the date of his

---

[1] We review the dismissal of Polk's PCR petition for the correction of legal error. *Allison*, 914 N.W.2d at 870.

[2] Because we hold *Allison* did not save Polk's second PCR petition, we need not address whether recent legislation, apparently abrogating *Allison*, applies to this appeal. *See* S.F. 589, 88th Gen. Assemb. § 34 (Iowa 2019)("An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitations period in this section nor shall such claim relate back to a prior filing to avoid application of the limitation periods.") (codified as amended at Iowa Code § 822.3 (2019)).

conviction. *See* Iowa Code § 822.3 (2017). The parties agree the statute of limitations expired on February 3, 2017.

In June 2015, well within the three-year limitations period, Polk filed his first PCR application. The district court denied relief. Polk timely appealed but voluntarily dismissed that appeal before our appellate courts could weigh in. Procedendo issued on November 15, 2016, a little more than two months before the three-year limitations period expired.

Nearly six months passed before Polk filed his second PCR petition on May 8, 2017. In that petition, he alleged both his criminal and PCR counsel provided ineffective assistance. In January 2018, the district court dismissed Polk's second PCR application as untimely, citing *Dible v. State*, 557 N.W.2d 881 (Iowa 1996), *abrogated in part on other grounds by Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003). *Dible* held ineffectiveness of first PCR counsel did not fit within the "ground of fact" exception to the section 822.3 statute of limitations, and thus did not excuse filing a second PCR after three years. 557 N.W.2d at 885.

In June 2018, the supreme court issued *Allison*. While not outright overruling *Dible*, the *Allison* majority opted to "qualify *Dible*" by allowing a second PCR application to relate back to the time of filing the first PCR where three conditions existed. *Allison*, 914 N.W.2d at 890. First, the original PCR petition alleging ineffective assistance of trial counsel had to be "timely filed per section 822.3." *Id.* at 891. Second, the successive PCR petition must allege "postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim." *Id.* And third, the successive petition must be "filed promptly after the conclusion of the first PCR action." *Id.*

Polk failed to meet that third condition. A gap of almost six months between his voluntary dismissal of the first PCR appeal and filing the second PCR petition does not fit the definition of prompt. *See Cook v. State*, No. 17-1245, 2019 WL 719163, at *4 n.6 (Iowa Ct. App. Feb. 20, 2019) (noting *Webster's Third New International Dictionary* 1816 (unabr. ed. 2002), defines "promptly" as "in a prompt manner; at once; immediately, quickly").

On appeal, Polk references the "filed promptly" language from *Allison*. But he does not argue with any detail how the timing of his second petition satisfied that standard. After he voluntarily dismissed his first appeal, he still had more than two months before the statute of limitations expired on February 3, 2017. He then waited until May 8, 2017, before filing his second PCR petition. Those months of delay belie the quick action *Allison* envisioned when adopting its "variant" on the equitable tolling doctrine.[3] *See* 914 N.W.2d at 891; *see also Kelly v. State*, No. 17-0382, 2018 WL 3650287, at *4 (Iowa Ct. App. Aug. 1, 2018) (holding third PCR was not "promptly" filed where second PCR was filed more than fifteen months after close of his first PCR).

---

[3] The State acknowledges language in *Allison* "could be read to suggest that, for purposes of determining whether a second postconviction application is timely, courts should subtract from the three-year limitation period the amount of time between the date the first postconviction application was filed and the date it was concluded." Under that approach, his second petition would be timely because twenty months would remain in the three-year limitations period. But Polk does not argue for equitable tolling. And the State contends that approach is not a reasonable interpretation of *Allison*. We agree *Allison* discusses, but does not adopt, equitable tolling "during an active PCR claim." *Cook*, 2019 WL 719163, at *4 n.7. *But see Stechcon v. State*, No. 17-1531, 2018 WL 3913126, at *2 (Iowa Ct. App. Aug. 15, 2018) (observing *Allison* "essentially invoked an equitable tolling doctrine to permit consideration of a second postconviction relief application."). The *Allison* majority would not have had to use the phrase "filed promptly" when discussing the second PCR petition if timeliness was a purely mathematical formula of subtracting the number of days the first PCR was pending from three years.

Recall *Allison*'s aim in applying the relation-back doctrine was to ensure "the right to effective assistance of counsel in PCR is not cut off by the running of the statute of limitations in situations like the one in this case." 914 N.W.2d at 891. What was Allison's situation? His first PCR concluded *after* the statute of limitations ran.[4] *Id.* at 869. No time remained for Allison to benefit from competent PCR representation. Not so here. Polk had more than two months after his first PCR to file a timely petition to challenge the effective assistance of his first PCR counsel. The running of the statute of limitations did not cut off Polk's right to effective assistance of PCR counsel. What's more, Polk did not file the second application for another four months. We cannot call his action "prompt." That difference precludes applying the relation-back doctrine to save his second PCR application. The district court properly ruled Polk's second PCR petition was time barred.

**AFFIRMED.**

---

[4] Our court affirmed the denial of *Allison's* first PCR petition six days before the statute of limitations expired, and procedendo issued thirty-five days after its expiration.