# IN THE COURT OF APPEALS OF IOWA

No. 19-1982
Filed March 3, 2021

**ROY ALAN FINCH,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Coleman McAllister,

Judge.


Roy Finch appeals the dismissal of his application for postconviction relief.

**AFFIRMED.**


Colin McCormack of Van Cleaf & McCormack Law Firm, Des Moines, for

appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee State.


Considered by Doyle, P.J., May, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**SCOTT, Senior Judge.**

Roy Finch was convicted of first-degree murder in 1990. His conviction was affirmed by this court in 1991 and procedendo issued shortly thereafter. Finch filed the application precipitating this appeal, his fourth,[1] in June 2019. Among other things, he raised a claim of ineffective assistance of prior postconviction counsel and stated he was forwarding a "claim under *Allison v. State*,"[2] which our supreme court decided roughly a year before Finch filed his application. The State filed a motion to dismiss, asserting Finch's application was time-barred by the statute of limitations. Following a hearing in November 2019, the court granted the State's motion to dismiss on statue-of-limitations grounds.

Finch appeals. He only claims the "court should have allowed [his] case to proceed to adjudication on the merits." This argument is premised on his assertion that *Allison* excepts him from the statute of limitations.

This successive application was filed nearly twenty years after the conclusion of the original postconviction proceeding.[3] Under former law, ineffective assistance of postconviction counsel could not "serve as an exception

---

[1] Finch previously filed applications in 1994, 1999, and 2003, all of which were dismissed.

[2] *See Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018) (holding that where a timely application is filed within the statute of limitations alleging ineffective assistance of trial counsel, the filing of a successive application that alleges ineffective assistance of postconviction-relief counsel in presenting the ineffective-assistance-of-trial-counsel claim, the filing of the second application relates back to the time of the filing of the original application so long as the successive application is filed promptly after the conclusion of the original action); *see also* Iowa Code § 822.3 (2019) (noting "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued").

[3] It was also filed between roughly fifteen and twenty years after the conclusion of the other two postconviction proceedings.

to the three-year statute of limitations" and allow for the filing of a second application outside of the limitations period. *See Dible v. State*, 557 N.W.2d 881, 886 (Iowa 1996), *abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). In 2018, the *Allison* court ruled successive applications are timely if filed "promptly" after the conclusion of the original action. 914 N.W.2d at 891. Finch's application was not filed promptly after the conclusion of the original proceeding, so the time of filing of the successive application does not relate back. *See, e.g.*, *Polk v. State*, No. 18-0309, 2019 WL 3945964, at *2 (Iowa Ct. App. Aug. 21, 2019) (noting a gap in the neighborhood of six months does not meet the definition of prompt); *see also Johnson v. State*, No. 19-1949, 2021 WL 210700, at *2 (Iowa Ct. App. Jan. 21, 2021) (collecting cases on the meaning of "filed promptly).[4]

We affirm the dismissal of Finch's application for postconviction relief.[5]

**AFFIRMED.**

---

[4] Finch makes no claim *Allison* amounts to a new ground of law he could not have raised within the applicable limitations period.

[5] We note our recognition of recent legislation, which became effective July 1, 2019, while Finch's application was still pending, arguably superseding *Allison* outright by amending section 822.3 to provide: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." 2019 Iowa Acts ch. 140, § 34. Because we reject Finch's *Allison* claim, we need not decide whether the amendment applies to his application.