# IN THE COURT OF APPEALS OF IOWA

No. 20-1622
Filed November 23, 2021

**JESSE RAYMOND NEITZEL,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Carroll County, Adria A.D. Kester, Judge.

Jesse Neitzel appeals the district court's denial of his fifth postconviction-relief application. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**VAITHESWARAN, Judge.**

Jesse Neitzel filed his fifth postconviction-relief application in 2020 following this court's 2011 affirmance of his conviction for second-degree sexual abuse. *See State v. Neitzel*, 801 N.W.2d 612, 616–17 (Iowa Ct. App. 2011). The State moved for summary disposition on the ground that "Iowa Code Section 822.3 [2020] places a three-year limitation on post-conviction proceedings with limited exceptions" and Neitzel "failed to allege any of the exceptions and it has been more than three years since the conviction."

Neitzel amended his application to raise a claim of actual innocence. The State responded with an amended answer asserting Neitzel "now cannot, consistent with Iowa Code Ch 822 in his Fifth Application for Postconviction Relief, 12 years after his trial, simply come forward and say "I didn't do it" as legally sufficient grounds for vacating the conviction." The State also reasserted the section 822.3 time bar. The district court granted the State's summary disposition motion. On appeal, Neitzel argues the district court erred in concluding his actual innocence claim was time-barred.

Iowa Code section 822.3 requires postconviction-relief applications to be filed "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued," but states "this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Neitzel concedes his fifth application was not filed within three years of procedendo. He also concedes an argument he made in the district court—that an allegation of actual innocence is an independent exception to the section 822.3 time bar—is foreclosed by *Schmidt v. State*, 909

N.W.2d 778, 795, 798 (Iowa 2018), the opinion authorizing freestanding claims of actual innocence. There, the court stated postconviction-relief applicants raising freestanding claims of actual innocence must either bring a claim within the three-year period identified in section 822.3 or show they "could not have raised [a] ground of fact within the applicable time period," with the ground of fact needing to have "the potential to qualify as material evidence for purposes of a substantive claim under section 822.2." *Schmidt*, 909 N.W.2d at 98–99. Neitzel failed to raise any ground of fact let alone one that could not have been raised within the applicable time period.

Neitzel attempts to shoehorn his application into a limited exception afforded postconviction-relief applicants under *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018), an exception he concedes the legislature abrogated before he filed his fifth postconviction-relief application. *See* Iowa Code § 822.3. As a fall-back, he challenges the constitutionality of section 822.3. Neither his reliance on *Allison* nor his constitutional challenge to its abrogation was preserved for review. *See Lamasters v. State,* 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.")

In his final attempt to circumvent the time-bar, Neitzel contends his postconviction trial counsel was ineffective in failing to present facts to support his actual innocence claim.[1] But, in *Goode v. State*, 920 N.W.2d 520, 527 (Iowa 2018),

---

[1] Because the allegation is founded on trial counsel's performance in this case rather than a prior case, the legislative abrogation of *Allison* is inapplicable. *See* Iowa Code § 822.3 ("An allegation of ineffective assistance of counsel *in a prior case* under this chapter shall not toll or extend the limitation periods in this section

the supreme court stated, "we decline to remand claims of ineffective assistance of postconviction counsel raised for the first time on appeal to the district court to hear and decide. Instead, the claims must be filed as a separate application in district court." *Goode* is controlling. As the State notes, "[t]his claim is indistinguishable. Neitzel cannot show breach or prejudice without establishing that competent [postconviction] counsel would have found *something* to offer—and he cannot, on this record."

The district court did not err in granting the State's motion for summary disposition.

**AFFIRMED.**

---

nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." (emphasis added)). On the other hand, Neitzel's claim that all prior counsel were ineffective in failing to search for evidence of actual innocence is foreclosed by section 822.3. And, even if newly-enacted section 822.3 did not foreclose the claim relating to all prior counsel, this court has stated, "allegations that [] prior counsel were ineffective [] do[es] not create a new ground of fact or law to trigger the exception." *Blodgett v. State*, No. 19-1877, 2021 WL 4592782, at *1 (Iowa Ct. App Oct. 6, 2021) (citing *Dible v. State*, 557 N.W.2d 881, 886 (Iowa 1996), *abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003)).