# IN THE COURT OF APPEALS OF IOWA

No. 21-1250
Filed July 13, 2023

**GABRIEL LUIS VASQUEZ,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.


    Gabriel Luis Vasquez appeals the summary dismissal of his second application for postconviction relief. **AFFIRMED.**



    Francis Hurley, Des Moines, for appellant.

    Brenna Bird, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee State.


    Considered by Bower, C.J., and Tabor and Greer, JJ.

**BOWER, Chief Judge.**

Gabriel Luis Vasquez appeals the summary dismissal of his second application for postconviction relief (PCR) challenging his 2009 convictions for sexual abuse. He contends the district court erred in finding his application was time-barred. Finding no merit in his various arguments to avoid the three-year limitation period of Iowa Code section 822.3 (2018),[1] we affirm.

In 2009, Vasquez was convicted of two counts of second-degree sexual abuse and one count of third-degree sexual abuse. This court affirmed the convictions, and procedendo issued on July 25, 2011. *State v. Vasquez*, No. 10-0085, 2011 WL 2089778, at *5 (Iowa Ct. App. May 25, 2011).

Iowa Code section 822.3 requires most applications for postconviction relief to "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Thus, Vasquez had until 2014 to file his PCR application unless he raises "a ground of fact or law that could not have been raised within" the three-year limitations period. Iowa Code § 822.3.

Vasquez filed his first PCR application, asserting his trial counsel was ineffective in a number of ways. *Vasquez v. State*, No. 16-0235, 2017 WL 1278290, at *1 (Iowa Ct. App. April 5, 2017). The district court rejected those claims. Vasquez appealed, additionally claiming his first PCR attorney was ineffective. *Id.* at *4. This court "agree[d] with the district court's assessment of the claims Vasquez made in his application for [PCR] and determine[d] Vasquez

---

[1] This PCR application was filed on May 18, 2018; thus, the code in effect was the 2018 Iowa Code.

has failed to prove PCR counsel's alleged failures resulted in his prejudice." *Id.* at \*5. Procedendo issued on June 26, 2017.[2]

On May 18, 2018, Vasquez filed this second PCR application. At that time, Iowa case law held that ineffective assistance of PCR counsel was not a ground of fact which would extend the statute of limitations for a second PCR action. *See Dible v. State*, 557 N.W.2d 881, 883–86 (Iowa 1996), *abrogated in part on other grounds by Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003).

On June 25, 2018, the Iowa Supreme Court decided *Allison v. State*, 914 N.W.2d 866, 890 (Iowa 2018), "qualify[ing] *Dible*." It held:

> [W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

*Allison*, 914 N.W.2d at 891.

On November 6, 2018, the State moved for summary disposition of Vasquez's second PCR application as untimely filed. On December 14, Vasquez amended his application to allege instances of ineffective assistance of his first PCR counsel.

In response to the *Allison* decision, the legislature amended section 822.3, effective July 1, 2019: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section

---

[2] Then Vasquez filed a federal petition for writ of habeas corpus, which is currently stayed pending the outcome of this case.

nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." 2019 Iowa Acts ch. 140, § 34.

After a July 1, 2021 hearing, the district court dismissed Vasquez's second PCR application. Vasquez appeals the summary dismissal, alleging the court erred in finding his claims are time-barred.

We review the district court's ruling for correction of errors of law. *Harrington*, 659 N.W.2d at 519.

Vasquez argues he raised grounds of law that could not have been raised within the three-year period, citing *Allison* and *State v. Jonas*, 904 N.W.2d 566 (Iowa 2017) (alleging a new ground of law relating to jury selection). We rejected similar claims in *Velazquez-Ramirez v. State*, 973 N.W.2d 598, 600–01 (Iowa Ct. App. 2022) (noting applicant could not take advantage of *Jonas* because it did not apply retroactively and *Allison* did not qualify as a new ground of law for purposes of section 822.3).

To benefit from *Allison*, Vasquez had to have filed his second PCR application "promptly after the conclusion of the first PCR action." *Velazquez-Ramirez*, 973 N.W.2d at 601 (emphasis omitted) (quoting *Allison*, 914 N.W.2d at 891). Vasquez filed his second PCR action eleven months after the conclusion of his first PCR action was concluded. We have previously concluded an applicant who "waited nearly six months to file his second PCR petition" did not "meet the 'prompt' filing mandate in *Allison*." *Polk v. State*, No. 18-0309, 2019 WL 3945964, at *1 (Iowa Ct. App. Aug. 21, 2019). And in *Maddox v. State*, we concluded "the 121-day delay in Maddox's filing a second PCR application resulted in the application not being 'filed promptly' within the meaning of *Allison*." No. 19-1916,

2020 WL 5230367, at *3 (Iowa Ct. App. Sep. 2, 2020); *see also Harlston v. State*, No. 19-0267, 2020 WL 4200859, at *1 (Iowa Ct. App. July 22, 2020) (finding delay of more than six months was not prompt and citing cases). The district court did not err in finding Vasquez's second PCR application was not promptly filed after the conclusion of his first and thus was time-barred.

**AFFIRMED.**