# IN THE COURT OF APPEALS OF IOWA

No. 19-1628
Filed April 14, 2021

**TONY SIHAVONG,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeanie Vaudt, Judge.

Tony Sihavong appeals the summary disposition of his application for postconviction relief. **AFFIRMED.**

Christopher Kragnes Sr., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Tony Sihavong was convicted of first-degree murder in 2002. He was sentenced to serve life in prison without the possibility of parole. On direct appeal, we rejected his claim of ineffective assistance of trial counsel and affirmed his conviction. *See generally Sihavong v. State*, No. 02-1447, 2003 WL 22697627 (Iowa Ct. App. Nov. 17, 2003). Procedendo issued in February 2004. Sihavong filed his first application for postconviction relief (PCR) later that year. That application was dismissed in March 2007 as frivolous. He filed second, third, and fourth applications in April 2007, November 2010, and February 2013, all of which were dismissed. Notably, in his second application, Sihavong only claimed our supreme court's decision in *State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006), should be applied retroactively. *See Sihavong v. State*, No. 14-0440, 2016 WL 351286, at *1 (Iowa Ct. App. Jan. 27, 2016).

Sihavong filed the application precipitating this appeal in August 2018. In his application, he alleged PCR counsel in a prior proceeding was ineffective in failing to include arguments he made in his pro se application in an amended application, none of which challenged PCR counsel's effectiveness in presenting a claim of ineffective assistance of criminal counsel. He also asserted the application was not time-barred, citing our supreme court's decision in *Allison v. State*,[1] which was filed in late June 2018. The State moved for summary

---

[1] *See* 914 N.W.2d 866, 891 (Iowa 2018) (holding that where a timely application is filed within the statute of limitations alleging ineffective assistance of trial counsel, the filing of a successive application that alleges ineffective assistance of PCR counsel in presenting the ineffective-assistance-of-trial-counsel claim, the filing of the second application relates back to the time of the filing of the original application so long as the successive application is filed promptly after the

disposition on statute-of-limitations grounds. The court granted the State's motion in September 2019. Sihavong appeals.

On appeal, Sihavong argues *Allison* amounts to a new ground of law that excepts him from the three-year statute of limitations. *See* Iowa Code § 822.3 (noting the statute of limitations "does not apply to a ground of . . . law that could not have been raised within the applicable time period"). While the State does not stress the point, we question whether error was preserved on this argument, as the court did not specifically rule upon the question of whether *Allison* amounts to a new ground of law sufficient to toll the statute of limitations, it only addressed whether Sihavong's situation falls within the parameters of *Allison*. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal. When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002))). We nevertheless proceed to the merits. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999). We ordinarily review summary disposition rulings in PCR proceedings for legal error, but our review is de novo when claims of ineffective assistance of counsel come into play. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

---

conclusion of the original action); *see also* Iowa Code § 822.3 (2018) (noting "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued").

We begin with the issue the district court did address. Under former law, ineffective assistance of PCR counsel could not "serve as an exception to the three-year statute of limitations" and allow for the filing of a successive application outside of the limitations period. *Dible v. State*, 557 N.W.2d 881, 886 (Iowa 1996), *abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). Shortly before Sihavong filed the application precipitating this appeal, the *Allison* court ruled successive applications are timely if filed "promptly" after the conclusion of the original PCR action. 914 N.W.2d at 891. *Allison* only applies when a PCR application alleging ineffective assistance of trial counsel is timely filed and a successive application alleging ineffective assistance of first PCR counsel is promptly filed after the original action. *Id.* The application before us was not filed promptly after the conclusion of the original proceeding, so the time of filing of the application before us does not relate back. *See, e.g.*, *Polk v. State*, No. 18-0309, 2019 WL 3945964, at *2 (Iowa Ct. App. Aug. 21, 2019) (noting a gap in the neighborhood of six months does not meet the definition of prompt); *see also Johnson v. State*, No. 19-1949, 2021 WL 210700, at *2 (Iowa Ct. App. Jan. 21, 2021) (collecting cases on the meaning of "filed promptly").

Assuming without deciding *Allison* amounts to a new ground of law sufficient to toll the statute of limitations, Sihavong's situation still does not fall within its parameters. As noted, *Allison* only applies when a PCR application alleging ineffective assistance of trial counsel is timely filed and a successive application alleging ineffective assistance of first PCR counsel in presenting the claim is promptly filed after the original action. It is unclear whether Sihavong, in his initial timely application in 2004, raised a claim of ineffective assistance of trial counsel.

While he did file a successive application about a month after the issuance of procedendo following the original proceeding, which could be considered prompt, he did not raise a claim in his successive application his PCR counsel was ineffective in presenting a claim trial counsel was ineffective. *See Sihavong*, 2016 WL 351286, at *1. He also did not forward any such allegation in the application now before us. So the narrow *Allison* exception does not apply, even if it amounts to a new ground of law.[2]

We affirm the dismissal of Sihavong's PCR application.

**AFFIRMED.**

---

[2] We note section 822.3 was amended, effective July 1, 2019, before judgment on Sihavong's application was entered, to arguably overrule *Allison* outright, to provide: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." 2019 Iowa Acts ch. 140, § 34. The supreme court has ruled "statutes controlling appeals are those that were in effect at the time the judgment or order appealed from was rendered." *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) (citation omitted). The State notes the amendment but does not address its applicability, taking the position that the issue was not addressed below and is not preserved. Because we agree Sihavong's situation does not fall within the confines of *Allison*, we need not address the amendment's applicability. *See Palmer v. State*, No. 19-1487, 2021 WL 811161, at *1 n.1 (Iowa Ct. App. Mar. 3, 2021) (noting ruling was filed after effective date of amendment but not addressing it based on agreement with district court that *Allison* did not save the application); *Moon v. State*, No. 19-2037, 2021 WL 610195, at *4 n.6 (Iowa Ct. App. Feb. 17, 2021) ("This amendment appears to abrogate *Allison*, although it is not yet clear what PCR applications the amended legislation applies to."); *Johnson v. State*, No. 19-1949, 2021 WL 210700, at *3 (Iowa Ct. App. Jan. 21, 2021) (finding it unnecessary to address the amendment's applicability because application was time-barred under either the prior or new version of the statute).