# IN THE COURT OF APPEALS OF IOWA

No. 20-1317
Filed March 30, 2022

**MICAH S. MATTHEWS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


Appeal from the Iowa District Court for Johnson County, Wyatt Peterson, Judge.


Micah Matthews appeals the summary disposition of his application for postconviction relief. **AFFIRMED.**


Micah S. Matthews, Fort Madison, self-represented appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.


Considered by May, P.J., Greer, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**MULLINS, Senior Judge.**

**I.      Background Facts and Proceedings**

In 2009, sentence was imposed upon Micah Matthews's convictions of first-degree kidnapping, second-degree kidnapping, and first-degree burglary.[1]  We affirmed on appeal, rejecting his challenges to the sufficiency of the evidence and the effectiveness of his counsel.  *See generally State v. Matthews*, No. 09-0743, 2010 WL 3894455 (Iowa Ct. App. Oct. 6, 2010).  Procedendo issued in late 2010.

Matthews timely filed his first application for postconviction relief (PCR) in February 2011, forwarding various claims of ineffective assistance of trial and appellate counsel and other claims relating to confrontation, prosecutorial error, and bad-act evidence.  The district court denied the application.  On appeal, Matthews alleged ineffectiveness of trial, appellate, and PCR counsel.  *Matthews v. State*, No. 15-2001, 2017 WL 3524717, at *1–2 (Iowa Ct. App. Aug. 16, 2017).  As to the ineffective-assistance claims, we found Matthews failed to prove prejudice, in part, due to the overwhelming evidence of Matthews's guilt, and we affirmed the denial of his application.  *Id.* at *2–3.  Procedendo issued in October 2017.

Matthews filed the PCR application precipitating this appeal in 2018, alleging his first PCR counsel was ineffective.  He asserted that, under former law, ineffective assistance of PCR counsel could not overcome the three-year statute of limitations and allow for the filing of a successive application outside of the limitations period.  *See Dible v. State*, 557 N.W.2d 881, 886 (Iowa 1996),

---

[1] A charge of first-degree sexual abuse merged into his conviction of first-degree kidnapping.

*abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). Citing our supreme court's recent decision in *Allison v. State*,[2] he argued he was now excepted from the statute of limitations. As to his claims for relief, Matthews asserted his PCR counsel was ineffective in litigating his claims of ineffective assistance of trial counsel.

In time, the State moved for summary disposition, asserting Matthews's application was time-barred. The court's ruling on the motion turned on whether *Allison* saved Matthews's application from the statute of limitations. Matthews asserted he was prevented from filing a second application until *Allison* was decided. The State argued the second application was not filed "promptly" after the conclusion of the first proceeding, within the meaning of *Allison*. Matthews responded *Allison* was a new ground of law and his application was promptly filed.

Surveying the milestones across the proceedings, the court noted procedendo issued following Matthews's first application on October 10, 2017; *Allison* was decided on June 28, 2018; and Matthews filed his second application on November 29, 2018. The court also considered Matthews's factual assertion that his prison was on "lockdown" from July to November 2017, which encompassed the issuance of procedendo in October 2017 and allegedly

---

[2] *See* 914 N.W.2d 866, 891 (Iowa 2018) (holding that where a timely application is filed within the statute of limitations alleging ineffective assistance of trial counsel, the filing of a successive application that alleges ineffective assistance of PCR counsel in presenting the ineffective-assistance-of-trial-counsel claim, the filing of the second application relates back to the time of the filing of the original application so long as the successive application is filed promptly after the conclusion of the original action); *see also* Iowa Code § 822.3 (2018) (noting "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued").

prevented him from "access[ing] his legal materials and the law library" until the lockdown ended. He argued equitable tolling should apply to the period of time he was on lockdown following procedendo. Ultimately, the court found Matthews's second application was not filed promptly after either the conclusion of his first action or the issuance of *Allison*. As such, the court granted the State's motion for summary disposition, and Matthews appealed.

While the appeal was pending, Matthews moved for a limited remand, asserting the district court "was not apprised that there is a letter from Mr. Matthews['s] attorney to him discussing the fact that Mr. Matthews attempted to file his second application prior to September 15, 2018," but it was rejected by the Johnson County Clerk of Court. Matthews sought a limited remand "for the specific purpose of making a complete record including [his] apparent attempt to file his second application . . . prior to September 15, 2018 (which is less than three months after *Allison* was decided)." The State resisted. Matthews filed a supplement to his motion, in which he explained he mistakenly filed the application in the United States District Court for the Southern District of Iowa. An attached copy of the filing shows the filing was received by the federal clerk's office on August 17, 2018. Matthews further explained this "came about" because he sought federal habeas relief after his first application was decided but before *Allison*. Then, after *Allison* was decided, he prepared a PCR application and mailed it to the federal clerk along with a motion to stay the habeas proceeding. However, he or his counsel neglected to file the application in state court until late November. He again moved for a limited remand to complete the record about the foregoing and an opportunity for the district court to reconsider its ruling. The

supreme court ordered a limited remand "for the limited purpose of making a complete record regarding [Matthews's] attempt to file his [PCR] application in August of 2018."

In its responsive order, the district court noted its consultation with the clerk's office did not uncover any attempt by Matthews to file an application in August 2018. Matthews moved for reconsideration, again explaining that he mistakenly filed the application in federal court. The court confirmed its ruling, repeating there was no record of him attempting to file his application in state court in August 2018. In response, Matthews moved for an evidentiary hearing for the purpose of showing he "did attempt to 'promptly file' a second application . . . after *Allison* was decided and that indeed a second application was filed, albeit in the wrong court." The court denied the motion, finding the "request for an evidentiary hearing exceeds the initial request for limited remand granted by the Iowa Supreme Court and exceeds the scope of Iowa Rule of Appellate Procedure 6.807." The court noted the record already showed what Matthews wanted to prove,[3] but it still remained that no attempt was made to file the application with the proper court in August 2018. The next day, the supreme court entered an order finding the limited remand resolved and directing the briefing schedule to commence. The matter was subsequently transferred to this court for resolution.

---

[3] The attachments filed with Matthews's various motions were made part of the record.

## II.     Standard of Review

We ordinarily review summary disposition rulings in PCR proceedings for legal error, but our review is de novo when claims of ineffective assistance of counsel come into play.  *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

## III.    Analysis

First, Matthews argues *Allison* amounted to a new ground of law under Iowa Code section 822.3, thus excepting him from the statute of limitations.  Citing *Nguyen v. State*, he essentially argues the three-year statute of limitations started over when *Allison* was issued.  *See* 829 N.W.2d 183, 188–89 (Iowa 2013) (finding "a ground of law that had been clearly and repeatedly rejected by controlling precedent . . . is one that 'could not have been raised' as that phrase is used in section 822.3" and remanding to the district court to determine whether *State v. Heemstra*, 721 N.W.2d 549 (2006), should be treated retroactively based on constitutional guarantees)*; see also Nguyen v. State*, 878 N.W.2d 744, 749–50, 759 (Iowa 2016) (explaining claim of *Heemstra* retroactivity was not time-barred because the application was filed within three years of *Heemstra*, but finding non-retroactive application of *Heemstra* is not unconstitutional).

While the State does not stress the point, we do not believe error was preserved on this specific argument, as the court did not specifically rule upon the question of whether *Allison* amounts to a new ground of law sufficient to *restart* the statute of limitations upon its issuance; it only addressed whether Matthews's situation falls within *Allison*'s parameters for promptness, either after the conclusion of the first proceeding or after *Allison* itself was filed.  *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of

appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal. When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002))); *see also Top of Iowa Co-op v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) (noting interests protected by error-preservation rules allow appellate courts to consider error preservation sua sponte). The proper procedure to preserve error was to file a motion raising the court's failure to decide the issue prior to appealing. *See Lamasters*, 821 N.W.2d at 863. In an abundance of caution, however, we will address the merits.

We have already noted our disbelief that "*Allison* qualifies as a 'new ground of . . . law' for purposes of section 822.3" but, rather, "the 'new ground of . . . law' must form a basis of the applicant's *substantive* claims, that is, their claims about alleged flaws in their *criminal conviction*," as was the case in *Nguyen*. *Velazquez-Ramirez v. State*, No. 21-0316, 2022 WL 108542, at *2 (Iowa Ct. App. Jan. 12, 2022) (alterations in original) (citation omitted).[4] And, as we have stated, "*Allison* says what it says. Nothing in *Allison* suggests that the clock for second PCRs runs from the filing of *Allison*. Rather, by its plain terms, *Allison* only applies to second PCRs 'filed promptly *after the conclusion of the first PCR action.*'" *Id.* (quoting *Allison*, 914 N.W.2d at 891). So we reject Matthews's claim that the issuance of *Allison* changed the landscape time-wise.

---

[4] While Matthews argues unpublished opinions of this court have no precedential value, and we agree "[u]npublished opinions or decisions shall not constitute controlling legal authority," Iowa R. App. P. 6.904(2)(c), we find our previous holdings persuasive and useful in guiding us.

We turn to the issue the court did address, whether Matthews's application falls within the parameters of *Allison*. Procedendo following the first PCR proceeding issued on October 10, 2017. Matthews's second application was filed in the correct court more than a year later, on November 29, 2018. This is not prompt, even if Matthews was allowed tolling for the portion of time he was allegedly on lockdown in prison for roughly one month following the issuance of procedendo. *See, e.g.*, *Maddox v. State*, No. 19-1916, 2020 WL 5230367, at *2 (Iowa Ct. App. Sept. 2, 2020) (collecting cases), *further review denied* (Oct. 28, 2020). Even if the application had been filed in state court instead of federal court in mid-August 2018—ten months after procedendo issued and roughly nine months after Matthews's lockdown discontinued—that cannot be considered prompt either. *See Polk v. State*, No. 18-0309, 2019 WL 3945964, at *1 (Iowa Ct. App. Aug. 21, 2019) (finding application filed "nearly six months" after procedendo issued was not filed promptly within the meaning of *Allison*); *see also Maddox*, 2020 WL 5230367, at *3 (finding 121 days, or roughly four months, does not qualify as prompt).

Matthews also submits "the procedural history establishes [he] received ineffective counsel in all court proceedings, which left [him] in the same situation that now finds relief in *Allison v. State*." He highlights his allegations of ineffective assistance in the criminal proceeding, on direct appeal, and in the first PCR proceeding. The claims against criminal and appellate counsel are time-barred, as is the claim against first PCR counsel as not being promptly filed. Matthews goes on to argue second PCR counsel rendered ineffective assistance in various respects relating to Matthews incorrectly filing his second application in the wrong

court. Even if counsel had done everything Matthews claims he should have, namely ensuring it was filed as soon as possible in the correct court by whatever means, it would have made no difference to the outcome, as filing the application in the correct court as early as August 2018, as already noted, cannot be considered prompt. Matthews also argues second counsel was ineffective in failing to preserve certain claims against his prior attorneys. But, as noted, claims against all of his prior attorneys are time-barred, so Matthews suffered no prejudice.

We affirm the summary disposition of Matthews's PCR application.[5]

**AFFIRMED.**

---

[5] Both parties address the fact that section 822.3 was amended, effective July 1, 2019—which was after the filing of Matthews's application but before judgment thereon was entered—to arguably overrule *Allison* outright: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." 2019 Iowa Acts ch. 140, § 34. The supreme court has ruled "statutes controlling appeals are those that were in effect at the time the judgment or order appealed from was rendered." *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) (citation omitted). Because we agree Matthews's situation does not fall within the confines of *Allison*, we need not address the amendment's applicability. *See, e.g.*, *Palmer v. State*, No. 19-1487, 2021 WL 811161, at *1 n.1 (Iowa Ct. App. Mar. 3, 2021) (noting ruling was filed after effective date of amendment but not addressing it based on agreement with district court that *Allison* did not save the application); *Moon*, 2021 WL 610195, at *4 n.6 ("This amendment appears to abrogate *Allison*, although it is not yet clear what PCR applications the amended legislation applies to."); *Johnson v. State*, No. 19-1949, 2021 WL 210700, at *3 (Iowa Ct. App. Jan. 21, 2021) (finding it unnecessary to address the amendment's applicability because application was time-barred under either the prior or new version of the statute).